OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

     The State of Ohio, Appellant, v. Dever, Appellee.
     [Cite as State v. Dever (1992),     Ohio St.3d    .]
Criminal law -- Sexual abuse of child -- Admissibility of child
     declarant's statements -- Admission into evidence of a
     hearsay statement pursuant to a firmly rooted hearsay
     exception does not violate a defendant's right of
     confrontation -- Evid.R. 803(4), applied.
1.   A trial court does not abuse its discretion when it admits
     a child declarant's statements made for the purpose of
     medical diagnosis or treatment pursuant to Evid.R. 803(4),
     without first establishing the child declarant's
     unavailability to testify.  (State v. Boston [1989], 46
     Ohio St.3d 108, 545 N.E.2d 1220, modified.)
2.   Statements made by a child during a medical examination
     identifying the perpetrator of sexual abuse, if made for
     purpose of diagnosis and treatment, are admissible
     pursuant to Evid.R. 803(4), when such statements are made
     for the purposes enumerated in that rule.
3.   The admission into evidence of a hearsay statement
     pursuant to a firmly rooted hearsay exception does not
     violate a defendant's right of confrontation.  (White v.
     Illinois [1992], 502 U.S.    , 112 S.Ct. 736, 116 L.Ed.2d
     848, followed.)
     (No. 91-1498 -- Submitted April 28, 1992 -- Decided August
19, 1992.)
     Appeal from the Court of Appeals for Hamilton County, No.
C-880712.
     At approximately 10:00 p.m. on October 21, 1987, Diane
Potter, who lived on the second floor of a multifamily
residence in Mariemont, Ohio, overheard a conversation by
tenants on the first floor of the building.  The tenants of the
first floor were defendant-appellee Frederick M. Dever, Jr.,
his wife, and their daughter Kristen, age four and one half,
who had been adopted by appellee.  Dever's wife was not at home
during the time in question.  Potter testified at trial that
the ductwork in the building often carried sounds from the
first floor up to her living area, so that she could clearly
hear what was said in the apartment below.  Potter testified:
     "I heard Kristen crying and I heard Fred saying come on,

come on, it will only take you a minute and Kristen kept saying no, daddy, I'm sleeping and he kept saying come on, Kristen, come on, it is only going to take a minute.  She said no, daddy, I'm sleeping and then finally she said okay and I guess -- I could hear them talking and it was just mumbling and it seemed like it was getting closer but I wasn't really paying attention at that time because I figured, I didn't really know what he was getting her up for but I figured it was something she had to do."

Potter further testified that she was in her bathroom when she heard the following coming from the Devers' bathroom below:

"Then I heard them talking.  I heard Fred groaning, he groaned three times very loudly and that was what made me really start listening, I didn't turn on the water, I just listened and I heard him tell Kristen to count to 600 and I heard her counting and then he said oh, that feels so good and she said oh, does that feel good, daddy, and he said yes and then he told her to keep counting and she stopped and he said come on, just count to 20, just count to 20 and she said no, I don't want to.  I could hear mumbling and then I heard her say oh, daddy, you got it all over my hand and he said yes, I got it all over you, didn't I, and then I just left the house, I went next door and called the police."

Potter went to the police station and filled out a report on the incident that same night.  The next day, Dever's wife was informed of the allegations, and cooperated in removing Kristen from Dever's presence.  On October 23, the following day, the sexual abuse intervention team of the Hamilton County Department of Human Services became involved.  Kristen was taken to Children's Hospital where she was seen by Dr. Ann Saluke, M.D.

Dr. Saluke's physical examination of Kristen did not disclose any physical signs of recent sexual conduct.  However, during the course of the consultation, Kristen told Dr. Saluke of the events that had recently occurred, and identified Dever as the perpetrator.

Dever was charged with one count of rape, in violation of R.C. 2907.02, and one count of gross sexual imposition, in violation of R.C. 2907.05.  The case proceeded to jury trial.  At a pretrial hearing, the trial judge considered whether Kristen was competent to testify.  Despite finding that Kristen understood the difference between truth and falsehood, the trial judge decided that Kristen would be unable to relate the events in question at the trial, and so did not find her competent to testify, pursuant to Evid.R. 601.

A crucial issue at trial was whether Dr. Saluke should be permitted to testify to what Kristen had related during the course of the medical examination.  Dever made a motion in limine to prohibit Dr. Saluke from testifying as to what Kristen told her.  The trial judge, specifically relying on United States v. Renville (C.A. 8, 1985), 779 F.2d 430, indicated that he believed the testimony was admissible, but did not rule on the motion at that time.

At trial, and over Dever's objection, Dr. Saluke was permitted to repeat Kristen's statements to the jury pursuant to Evid.R. 803(4), the medical diagnosis or treatment exception to the hearsay rule.  Dr. Saluke testified:

"Kristen told us that her father put his pee pee in her mouth and there was some white stuff that had a yucky taste and also that he put his hands on her pee pee and his pee pee on her pee pee and she identified her genital area as the pee pee."

After deliberations, the jury returned verdicts of guilty on both counts. The trial judge found that the counts were allied offenses of similar import and merged them, sentencing Dever only on the rape count.

Upon appeal, Dever argued that the trial court erred by allowing Dr. Saluke to testify regarding Kristen's statements. The court of appeals affirmed the conviction, but recharacterized the trial judge's finding that Kristen was not competent to testify (see Evid.R. 601) as a finding that Kristen was unavailable to testify (see Evid. R. 804[A][3]). The court of appeals further found that there was a "guarantee of trustworthiness" in the circumstances surrounding the child's statements which satisfied the standards of State v. Boston (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220.

Dever appealed that decision to this court, which overruled his motion for leave to appeal. 52 Ohio St.3d 701, 556 N.E.2d 526. Dever's motion for rehearing was also denied. 53 Ohio St.3d 706, 558 N.E.2d 62.

Dever then appealed to the United States Supreme Court, which vacated the judgment of the Hamilton County Court of Appeals, and remanded the cause to the appellate court for further consideration in light of Idaho v. Wright (1990), 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638. Dever v. Ohio (1990), 498 U.S.    , 111 S.Ct. 575, 112 L.Ed.2d 581.

In a split decision, the court of appeals reversed the judgment of the trial court, and remanded the cause for a new trial. The majority decided that the record did not support a conclusion that Kristen's statements were motivated by her own desire for medical diagnosis or treatment. The dissenting judge would have approved admitting Kristen's hearsay statements under Evid. R. 803(4).

The cause is now before this court upon the allowance of a motion for leave to appeal.

Arthur M. Ney, Jr., Prosecuting Attorney, and Christian J. Schaefer, for appellant.

Andrew B. Dennison, for appellee.

Alice Robie Resnick, J.   This case presents the continuing problem of reaching just results in child abuse cases involving statements made by young children during the course of a medical examination. We must consider the admissibility of the statements at trial pursuant to the hearsay exception contained in Evid.R. 803(4). The principal dilemma arises in attempting to apply to children evidentiary rules which were drafted with adults in mind. In applying these rules of evidence to children, we encounter considerable problems in devising a reasonable and workable application. Nevertheless, we continue to strive for balance in this troublesome area of the law. As was noted in State v. Boston, supra, 46 Ohio St.3d at 113, 545 N.E.2d at 1226: "* * * [I]t is the goal of all the members of the judiciary that results are reached that are equitable and fair to both society and

defendants who find themselves charged with the crime of child abuse."

In considering the circumstances in the instant case, we must address two principal issues:  (1) Did the trial judge abuse his discretion in allowing Dr. Saluke to repeat at trial statements Kristen made to her during the medical examination as an Evid.R. 803(4) hearsay exception?[1]  and (2) What, if any, is the impact of the Confrontation Clause of the Sixth Amendment to the United States Constitution[2] on our inquiry?

For the reasons which follow, after careful consideration, we resolve the first issue by finding no abuse of discretion on the part of the trial judge in admitting the hearsay testimony pursuant to Evid.R. 803(4).  As to the second issue, we determine that Evid.R. 803(4), as applied to the circumstances of this case, is a firmly rooted hearsay exception; we apply the analysis contained in White v. Illinois (1992), 502 U.S.    , 112 S.Ct. 736, 116 L.Ed.2d 848, to that conclusion; and we find no violation of Dever's right of confrontation.  We therefore reverse the judgment of the court of appeals, and reinstate Dever's conviction.

I

The initial issue for our consideration is whether the trial court abused its discretion in admitting into evidence Kristen's hearsay statement to Dr. Saluke under Evid.R. 803(4).  A related question, which directly affects the Confrontation Clause issue presented in Part III of this opinion, is whether the Evid.R. 803(4) exception, in the circumstances of this case, is a firmly rooted hearsay exception.

Because this court wrestled with many issues raised in similar circumstances in State v. Boston, supra, a detailed examination of that case is required.

A

Boston involved a defendant who was tried and convicted of gross sexual imposition based on an incident involving his two-and-one-half-year-old daughter.  The defendant had been given weekend visitation rights with his daughter pending a divorce from his wife.  After being with the father one weekend, the child awoke during the night screaming.  The mother questioned the child, who related, "Daddy put something up my bucket."  Upon finding redness around the child's vagina and anus, the mother took the child to a doctor the next day.  Although the doctor found no specific evidence of abuse, he referred the mother to Akron Children's Hospital.  The director of the hospital's Child Abuse Team, a pediatrician, later examined the child.  The child told the pediatrician that "Daddy put a telephone in here and it hurt."  Based on the child's statements, her medical history, and the examination (which revealed a whitish discharge and redness around the labia minora, and a hymenal opening larger than normal), the doctor made a diagnosis of probable vaginal penetration and possible rectal penetration.  A psychologist, an expert in child sexual abuse, counselled the child, and determined that the child was not falsifying, and that she had been a victim of sexual abuse.

At defendant's trial, the prosecution attempted to present the child's testimony.  The trial judge conducted a voir dire

examination of the child, and found her incompetent to testify.3  However, hearsay statements made by the child to her mother, to the doctor who had diagnosed probable vaginal penetration, and to the psychologist were admitted at trial. In addition, the court permitted opinion testimony that the child had not fantasized her accusation.  The jury returned a verdict of guilty of gross sexual imposition, and the defendant was sentenced.  Upon appeal, the court of appeals affirmed the judgment of conviction.  Id., 46 Ohio St.3d at 108-111, 545 N.E.2d at 1222-1225.

This court, in reversing the judgment of conviction and remanding to the trial court, addressed a number of evidentiary issues which arise within the context of a child abuse case.4 Especially relevant to the instant case is Boston's discussion of Evid.R. 803(4), the hearsay exception involving statements made for purposes of medical diagnosis or treatment, including the motivational component of Evid.R. 803(4), the effect of Ohio's Evid.R. 102 on Evid.R. 803(4), and the admissibility of statements by a child identifying the perpetrator in an abuse prosecution.

B

Evid.R. 803(4) allows into evidence, as an exception to the hearsay rule, "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Ohio's Evid.R. 803(4) is identical to Fed.R.Evid. 803(4).

In essence, Boston found that the admissibility of statements for medical treatment or diagnosis pursuant to Evid.R. 803(4) depends upon the motivation of the declarant to make the statement.  "'* * * The rule's narrow limitation is based upon the belief that the declarant's subjective motive generally guarantees the statement's trustworthiness.  Since the effectiveness of the treatment depends upon the accuracy of information given to the physician, the declarant is motivated to tell the truth.  * * *'"  Id., 46 Ohio St.3d at 121, 545 N.E.2d at 1233, quoting State v. Eastham (1988), 39 Ohio St.3d 307, 312, 530 N.E.2d 409, 413 (H. Brown, J., concurring). Serious problems arise in admitting the statements when a "child of tender years" is the declarant because that child will often not be personally motivated to seek treatment. "* * * [S]uch a young child is not giving the doctor the information for the purposes required by Evid.R. 803(4).  More than likely, the child does not even want to be seeing the doctor[.]"  Boston, supra, at 122, 545 N.E.2d at 1234.

C

While Boston noted that many courts have applied Evid.R. 803(4) in child abuse prosecutions when the declarant is a young child without considering the motivational component of that hearsay exception, Boston concluded that such an interpretation is inconsistent with Ohio's version of Evid.R. 102.  Id., 46 Ohio St.3d at 121-122, 545 N.E.2d at 1233-1234.

Fed.R.Evid. 102 states that the Federal Rules of Evidence shall be construed in order to promote the "growth and development of the law of evidence * * *."  In contrast, Ohio Evid.R. 102 states that Ohio's Rules of Evidence "shall be

construed to state the common law of Ohio unless the rule clearly indicates that a change is intended * * *." Boston concluded that this significant difference between the two rules means that federal courts (or any court sitting in a state which has a rule identical to Fed.R.Evid. 102) are permitted to construe the rules of evidence broadly, but that Ohio courts may not do so. Id., 46 Ohio St.3d at 116, 545 N.E.2d at 1229. See Staff Note to Ohio Evid.R. 102.

Boston, in commenting on a federal court decision that did not question whether a three-year-old child's motivation in telling a doctor about an abuse episode was relevant to the admissibility of the child's hearsay statements (United States v. Nick [C.A.9, 1979], 604 F.2d 1199), stated: "* * * [B]y discarding the motivational component of Evid.R. 803(4) * * *, the federal appellate court has rewritten the rule -- or at least very liberally construed the rule to promote the '* * * growth and development of the law of evidence * * *.' Fed.R.Evid. 102." Boston, 46 Ohio St.3d at 122, 545 N.E.2d at 1234.

D

Boston also raised the question whether Evid.R. 803(4) may be construed to allow into evidence a young child's statement identifying the perpetrator of the abuse. Id., 46 Ohio St.3d at 123, 545 N.E.2d at 1235. Because Boston conditioned the admissibility of statements made by a child on the child's motivation to seek treatment, it was not necessary in that case to resolve that specific issue. If the child was not personally motivated to seek treatment, Boston found that none of the child's statements would be admissible pursuant to Evid.R. 803(4), including the statement identifying the perpetrator of the abuse. Id. at 122-123, 545 N.E.2d at 1234-1235.

In summary, Boston reasoned that the common-law hearsay exception for statements made for medical treatment stems from the declarant's motivation to speak the truth in order to obtain effective treatment. Boston also found that Ohio's Evid.R. 803(4), as adopted in 1980, did not dispense with the common-law motivational component. Id. at 121, 545 N.E.2d at 1233. Moreover, Boston found that the child declarant's statements to the pediatrician were not admissible pursuant to Evid.R. 803(4), because the motivational component was absent, and that the statements did not fall within a defined hearsay exception. Boston did find, however, that certain of the statements were admissible under Ohio v. Roberts (1980), 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597, 608, which requires a "particularized guarantee of trustworthiness." Boston, supra, at 125-128, 545 N.E.2d at 1237-1239.5

II

Boston, in noting that Ohio Evid.R. 102 requires an Ohio court to apply the common law unless a change clearly is intended, essentially found that no change from the common-law motivational requirement was intended, and hence concluded that the medical diagnosis or treatment hearsay exception will rarely apply when a child of tender years is the declarant. Id., 46 Ohio St.3d at 120-122, 545 N.E.2d at 1232-1234. For the reasons which follow, we disagree with that conclusion reached in Boston, and modify Boston accordingly.

We are aware of the significant factual difference between the case at bar and Boston. Boston involved allegations of child sexual abuse which occurred in the context of a "bitter battle for custody." Id., 46 Ohio St.3d at 108, 545 N.E.2d at 1222. For that reason, the possibility that the child's statements to professionals may have been programmed or influenced by the custody battle made those statements more suspect than the statements in the instant case. Although the Boston court did not approve the admission of the child's statements under Evid.R. 803(4), the court did ultimately find them admissible because they were sufficiently trustworthy. However, in the circumstances of this case, we find that the trial court did not err in finding that the child's statements were in fact admissible under Evid. R. 803(4).

A

The practical result of reading Boston's rigid motivational requirement into Evid.R. 803(4) is that a young child's statements to a doctor in the course of a medical examination will virtually never be admissible under that rule. While we do recognize that Evid.R. 102 significantly restricts our ability to interpret the Ohio Rules of Evidence,6 we do not believe that Evid.R. 102 requires such a sweeping result.

Though we agree with Boston that "applying this [Evid.R. 803(4)] exception to this category of cases entails inherent problems[,]" id., 46 Ohio St.3d at 121, 545 N.E.2d at 1234, we do not believe Evid.R. 102 mandates such a restrictive approach to these problems. Boston gives the impression that if the slightest possibility exists that the child's statements were not motivated by her own desire to obtain medical diagnosis or treatment, the statements may not come in as an Evid.R. 803(4) exception. We believe that it is not necessary to apply that approach to every instance in which a child of tender years makes a statement in the course of diagnosis and treatment. While we recognize that a young child would probably not personally seek treatment, but would generally be directed to treatment by an adult, we do not find that the child's statements relating to medical diagnosis or treatment are always untrustworthy for that reason alone. Once the child is at the doctor's office, the probability of understanding the significance of the visit is heightened and the motivation for diagnosis and treatment will normally be present. That is to say, the initial desire to seek treatment may be absent, but the motivation certainly can arise once the child has been taken to the doctor. Absent extraordinary circumstances, the child has no more motivation to lie than an adult would in similar circumstances. Everyday experience tells us most children know that if they do not tell the truth to the person treating them, they may get worse and not better. An overly strict motivational requirement for the statements of young children will almost always keep those statements out of evidence. That is not an acceptable balance of competing interests. We are unwilling to approve a rule which allows a person accused of abusing a young child (when there is no physical evidence of that abuse) to keep the child's statements to a doctor out of evidence simply because of a lack of initial motivation to seek treatment. In many situations, the

statements of young children are sufficiently trustworthy and can appropriately be admitted pursuant to Evid.R. 803(4). See State v. Larson (Minn.1991), 472 N.W.2d 120; People v. Meeboer (1992), 439 Mich. 310,     N.W.2d    , 1992 WL 113254. We further find that Evid. R. 102 does not foreclose that result.

We do not find that the common-law basis for the medical treatment exception to the hearsay rule, at least where young children are concerned, is as specific as Boston found. Rather, the focus must be slightly different when a child is involved. The trial court has broad discretion to determine whether a declaration should be admissible as a hearsay exception. State v. Rohdes (1986), 23 Ohio St.3d 225, 229, 23 OBR 382, 385, 492 N.E.2d 430, 434; see, generally, State v. Duncan (1978), 53 Ohio St.2d 215, 7 O.O.3d 380, 373 N.E.2d 1234. The trial court should consider the circumstances surrounding the making of the hearsay statement. If the trial court finds in voir dire that the child's statements were inappropriately influenced by another, then those statements would not have been made for the purpose of diagnosis or treatment. This inquiry will vary, depending on the facts of each case. For example, the trial court may consider whether the child's statement was in response to a suggestive or leading question (as was the case in Idaho v. Wright), and any other factor which would affect the reliability of the statements (such as the bitter custody battle in State v. Boston). If no such factors exist, then the evidence should be admitted. The credibility of the statements would then be for the jury to evaluate in its role as factfinder. In addition, the witness whose testimony brings in the child's hearsay statement can be cross-examined about the circumstances surrounding the making of the statement. But if the trial court discerns the existence of sufficient factors indicating that the child's statements were not made for the purpose of diagnosis or treatment, the statements must be excluded as not falling within Evid.R. 803(4).

We find further support for our holding in that portion of Evid.R. 102 which allows a court to deviate from the common law when "the rule clearly indicates that a change is intended * * *." Prior to 1980, Ohio allowed into evidence hearsay statements in medical treatment situations only when the statements were specifically relevant to the doctor's treatment of the patient. See Cleveland Ry. Co. v. Merk (1932), 124 Ohio St. 596, 180 N.E. 51. When Evid.R. 803(4) was adopted in 1980, that rule changed the common law by also allowing into evidence hearsay statements for purposes of diagnosis. See Staff Note to Evid.R. 803(4); Palmer, Ohio Courtroom Evidence (1988) 23-12 to 23-13, Chapter 23. This change, making Ohio's Evid.R. 803(4) identical to Fed.R.Evid. 803(4), shows that a strict common-law interpretation of the hearsay exception for medical diagnosis or treatment is not appropriate in all situations.

In addition, the motivational element of Evid.R. 803(4) (often termed the "selfish interest" rationale) is not the only reason that statements for the purpose of medical diagnosis or treatment are more reliable than other hearsay statements. In Renville, supra, the court noted that there is a second reason for the medical diagnosis or treatment hearsay exception--that such statements are "reasonably relied on by a physician in

treatment or diagnosis." Id., 779 F.2d at 436. See, generally, Mosteller, Child Sexual Abuse and Statements for the Purpose of Medical Diagnosis or Treatment (1989), 67 N.C.L.Rev. 257. See, also, 2 McCormick on Evidence (4 Ed.1992) 250 ("The general reliance upon 'subjective' facts by the medical profession and the ability of its members to evaluate the accuracy of statements made to them is considered sufficient protection against contrived symptoms. Within the medical profession, the analysis of the rule appears to be that facts reliable enough to be relied on in reaching a diagnosis have sufficient trustworthiness to satisfy hearsay concerns.").

Because the Ohio version of Evid.R. 803(4) allows the admission of hearsay statements made for the purpose of diagnosis, it is apparent that this reliance factor is also a basis for the exception. The aspect of Evid.R. 803(4) which provides a hearsay exception for statements for diagnosis is inconsistent with the rigid "selfish interest" analysis of Boston. Although we recognize that "professional reliance," standing alone, may not be as significant an indicator of reliability as "selfish interest," it must be afforded some weight. It further supports the admissibility of hearsay statements in situations involving young children. For those reasons, the motivation of the declarant is not the only factor supporting the reliability of the statements.

Keeping in mind that the child's motivation is not the sole focus of the Evid.R. 803(4) inquiry, we find evidence of the child's motivation in the record, as revealed in Dr. Saluke's testimony. The court of appeals, in its majority opinion reversing Dever's conviction, found insufficient evidence of Kristen's motivation to seek treatment. Dr. Saluke testified that, during the course of the examination, she followed the customary procedure of explaining to Kristen why she was asking the questions. The court of appeals, however, was unconvinced that Kristen understood the purpose of the questioning. In reaching that conclusion, the court was heavily influenced by Dr. Saluke's testimony that she could not recall Kristen's specific response to the explanation of the need for the questioning. But, as we have stated above, a court should not presume, as the court of appeals did, that the statements are unreliable merely because there is no indisputable evidence of the child's motivation. Rather, in a case such as this, when an examination of the surrounding circumstances casts little doubt on the motivation of the child, it is permissible to assume that the factors underlying Evid.R. 803(4) are present.[7]

"While in cases involving adults a cognitive connection between speaking the truth to physicians and receiving proper medical care may seem obvious, further analysis of the circumstances surrounding the examination of a child is necessary to determine whether the child understood the need to be truthful to the physician." People v. Meeboer, supra, 439 Mich. at   ,    N.W.2d at   . We agree with this reasoning, but stress that our holding in this case requiring this specific examination of the circumstances applies only to Evid.R. 803(4) and only to declarants of tender years.

We therefore hold that a trial court does not abuse its discretion when it admits a child declarant's statements made

for the purpose of medical diagnosis or treatment pursuant to Evid.R. 803(4), without first establishing the child declarant's unavailability to testify. Once the statements are admitted, their credibility is a matter to be evaluated by the factfinder.

In applying our holding to the facts of this case, we find that the trial court properly evaluated the circumstances accompanying the making of the child's statements. Since there is insufficient reason to doubt that the statements were made for purposes of medical diagnosis or treatment, the trial court did not abuse its discretion in finding that the statements were admissible pursuant to Evid.R. 803(4). Neither Evid.R. 803(4) nor 102 requires exclusion of the child's statements from the evidence, when as here the record supports the trial court's determination that the requirements of Evid.R. 803(4) were met.

B

We now proceed to specifically consider the propriety of admitting a child's statement identifying the perpetrator of her abuse under Evid.R. 803(4). Generally, statements of fault are seen as outside the scope of Evid.R. 803(4) because such statements are usually not relevant to either diagnosis or treatment. See, e.g., United States v. Iron Shell (C.A. 8, 1980), 633 F.2d 77, 84. However, in United States v. Renville, supra, 779 F.2d at 436-438, the leading case in this area, a federal appellate court found that statements made by a child identifying the perpetrator of the sexual abuse are pertinent to both diagnosis and treatment of the child. The Renville court made a distinction between statements of fault generally (not admissible pursuant to the medical diagnosis or treatment hearsay exception) and specific statements of identity by children in sexual abuse cases (which the court found to be admissible). The Renville court found several reasons why the statement of identity is pertinent to treatment or diagnosis. The statement assists the doctor in treating any actual injuries the child may have, in preventing future abuse of the child, and in assessing the emotional and psychological impact of the abuse on the child.[8] Id.

Boston, in considering the admissibility of a child's statement identifying the perpetrator, stated that "Renville's conclusion, however, rests on the underlying assumption that the victim's motivation in identifying the abuser is to aid in her treatment or diagnosis." Boston, 46 Ohio St.3d at 123, 545 N.E.2d at 1235. Thus, the Boston court was not required to resolve the question, even though it did raise it. In so doing, Boston did not reject Renville's analysis per se, but found it inappropriate in the circumstances of that case.

In view of our modification of Boston, we adopt Renville's reasoning, and hold that statements made by a child during a medical examination identifying the perpetrator of sexual abuse, if made for purpose of diagnosis and treatment, are admissible pursuant to Evid.R. 803(4), when such statements are made for the purposes enumerated in that rule. This means that a child's statement identifying his or her abuser should be treated the same as any other statement which is made for the purposes set forth in Evid.R. 803(4). We thus find that the trial court did not abuse its discretion in admitting Kristen's

statement identifying Dever as her abuser.

C

In order to avoid any confusion we note that Evid.R. 807, effective July 1, 1991 and therefore not applicable here, requires an examination of the totality of the circumstances surrounding statements made by a child in a child abuse case in order to determine admissibility. The test contained in Evid.R. 807 has a purpose different from the test discussed here. Evid.R. 807's "totality of the circumstances" test is designed specifically with Confrontation Clause requirements in mind. See Staff Note to Evid.R. 807. On the other hand, the test under Evid.R. 803(4) goes solely to whether a statement was made for purposes of medical diagnosis or treatment. If a statement is made for purposes of diagnosis or treatment, it is admissible pursuant to Evid.R. 803(4).

We also recognize that Evid.R. 807(A)(2) requires that a trial court make a finding that "[t]he child's testimony is not reasonably obtainable by the proponent of the statement" before the child's statements may be admissible pursuant to that exception. On the contrary, no finding of unavailability is necessary when a statement is admitted pursuant to Evid.R. 803(4), because the rule itself provides that availability of the declarant is immaterial.

The Staff Note to Evid.R. 807 states: "The rule recognizes a hearsay exception for the statements of children in abuse situations. This exception is in addition to the exceptions enumerated in Evid.R. 803 and 804." (Emphasis added.) Thus, the trial court in its discretion determines which hearsay exception, if any, would most appropriately support the admission of the child's statements into evidence.

III

Having thus found that the trial judge properly admitted Kristen's statements, as related at trial by Dr. Saluke, pursuant to Evid.R. 803(4), we now consider the impact of the Confrontation Clause on this case.

In examining the Confrontation Clause issue, we must consider several decisions by the United States Supreme Court regarding the interplay between the hearsay rule and the Confrontation Clause.

Although the hearsay rule (along with its exceptions) and the Confrontation Clause protect similar values, the United States Supreme Court has repeatedly noted that the two are not coextensive. See California v. Green (1970), 399 U.S. 149, 155-156, 90 S.Ct. 1930, 1933-1934, 26 L.Ed.2d 489, 495; Dutton v. Evans (1970), 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213, 225-226. Thus, in some situations, even if evidence is admissible at trial as a hearsay exception, that evidence may nonetheless be inadmissible because it violates a defendant's right of confrontation. The United States Supreme Court has provided a framework in which to analyze how the Confrontation Clause affects a particular hearsay exception.

A

In Ohio v. Roberts (1980), 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597, 607, the United States Supreme Court set forth a general approach for accommodating the sometimes competing interests of the Confrontation Clause and the hearsay exceptions. The court stated that the

Confrontation Clause "operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity." Id. In a holding which the court substantially narrowed in later cases, see infra, Roberts stated that the prosecution must make a good faith effort to produce the declarant, or demonstrate the declarant's unavailability. Id. The declarant's statement should then be admitted "only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." (Footnote omitted.) Id. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 608.

In United States v. Inadi (1986), 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390, the Supreme Court considered whether the Confrontation Clause requires the prosecution to show that a co-conspirator is unavailable to testify before the co-conspirator's statements may be admitted into evidence. The court held that the prosecution was not required to establish unavailability in that situation, and that this specific requirement of Roberts applies only where the prosecution seeks to admit testimony from a prior judicial proceeding instead of live testimony. Inadi, 475 U.S. at 392-394, 106 S.Ct. at 1124-1126, 89 L.Ed.2d at 396-398. The court stated that Roberts "cannot fairly be read to stand for the radical proposition that no out-of-court statement can be introduced by the government without a showing that the declarant is unavailable." Id. at 394, 106 S.Ct. at 1125, 89 L.Ed.2d at 398. The court also noted that the true mission of the Confrontation Clause is to "'advance "the accuracy of the truth-determining process in criminal trials."'" Id. at 396, 106 S.Ct. at 1126, 89 L.Ed.2d at 399, quoting Tennessee v. Street (1985), 471 U.S. 409, 415, 105 S.Ct. 2078, 2082, 85 L.Ed.2d 425, 432.

The Supreme Court again considered the admissibility of statements made by a co-conspirator in Bourjaily v. United States (1987), 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144. The court observed that the hearsay exception for statements of a co-conspirator is firmly rooted. Id. at 183, 107 S.Ct. at 2782, 97 L.Ed. 2d at 157. For that reason, the Supreme Court held that a co-conspirator's statements carry with them sufficient "indicia of reliability" and therefore a court need not conduct an independent inquiry into the reliability of the statements. Id.

B

While the foregoing cases set forth a general method of applying Confrontation Clause analysis when the declarant does not testify at trial, two recent Supreme Court decisions considered the interaction of the Confrontation Clause with hearsay exceptions in circumstances involving sexual abuse of young children. In Idaho v. Wright (1990), 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638, the court considered whether a trial court properly admitted a hearsay statement made by a child pursuant to Idaho's "residual hearsay exception."9 The court began its analysis by noting that "Idaho's residual

hearsay exception, * * * under which the challenged statements were admitted, * * * is not a firmly rooted hearsay exception for Confrontation Clause purposes."  Id. at    , 110 S.Ct. at 3147, 111 L.Ed.2d at 653.  For that reason, Roberts requires that the hearsay testimony be inadmissible unless "particularized guarantees of trustworthiness" are present. The court did not believe that the child's statement was particularly trustworthy,10 and therefore found that the state had failed to carry its burden of demonstrating "particularized guarantees of trustworthiness" in the totality of the circumstances.11

The Wright court made clear that its analysis would have been completely different if the hearsay exception had been "firmly rooted":  "Admission under a firmly rooted hearsay exception satisfies the constitutional requirement of reliability because of the weight accorded longstanding judicial and legislative experience in assessing the trustworthiness of certain types of out-of-court statements." Id. at    , 110 S.Ct. at 3147, 111 L.Ed.2d at 653.

In White v. Illinois, supra, 502 U.S.    , 112 S.Ct. 736, 116 L.Ed.2d 848, the Supreme Court again considered the use of hearsay statements made by a child against a defendant being prosecuted for sexual assault of the child.  The trial court allowed the hearsay statements into evidence as spontaneous declarations and also as statements made in the course of medical treatment.  The appellate court affirmed that decision, finding that the accused's right of confrontation was not denied.  Although the four-year-old girl did not testify at trial, no specific finding of unavailability was made by the trial court.

The White court began its analysis by limiting the application of the unavailability requirement of Roberts, stating that "Roberts stands for the proposition that unavailability analysis is a necessary part of the Confrontation Clause inquiry only when the challenged out-of-court statements were made in the course of a prior judicial proceeding."  (Emphasis added.)  White, supra, 502 U.S. at    , 112 S.Ct. at 741, 116 L.Ed.2d at 858.  Thus, unavailability of the declarant need not be demonstrated when a hearsay statement is admitted pursuant to an Evid.R. 803 exception.

In agreeing that there was no denial of the defendant's right of confrontation, the Supreme Court held that "where proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied."  Id. at    , 112 S.Ct. at 743, 116 L.Ed.2d at 859.  The court noted that such firmly rooted hearsay exceptions as spontaneous declarations and statements made in the course of receiving medical care are recognized as normally occurring in contexts that provide substantial guarantees of trustworthiness.  Id. at    , 112 S.Ct. at 742, 116 L.Ed.2d at 859.  For that reason, the Confrontation Clause is automatically satisfied by a hearsay exception which is firmly rooted -- the presence of "particularized guarantees of trustworthiness" need not be shown.  Id. at    , 112 S.Ct. at 742-743, 116 L.Ed.2d at 859-860.

Consistent with that approach, we determine that Evid. R. 803(4) is a firmly rooted hearsay exception in the circumstances of the case before us. See White, supra, at    , 112 S.Ct. at 742, 116 L.Ed.2d at 859, fn. 8. To the extent that Boston indicates a contrary result, we clarify that opinion.

C

In summary, Wright and White hold that, even in cases involving hearsay statements of children in the prosecution of the children's alleged abusers, if the hearsay statement at issue falls within a firmly rooted hearsay exception, as in the instant case, its admission does not violate the defendant's right of confrontation. White, supra, at    , 112 S.Ct. at 743, 116 L.Ed.2d at 859; Wright, supra, at    , 110 S.Ct. at 3146, 111 L.Ed.2d at 652. In such a case, the prosecution is not required to demonstrate the unavailability of the declarant. White, supra, at    , 112 S.Ct. at 741, 116 L.Ed.2d at 858.

On the other hand, if the hearsay statement at issue does not fall within a firmly rooted hearsay exception, further inquiry is required. Hearsay not falling within a firmly rooted exception must be excluded unless "particularized guarantees of trustworthiness" can be shown. Wright, supra, at    , 110 S.Ct. at 3147, 111 L.Ed.2d at 653.

In the instant case, Kristen's hearsay statements were admitted under a firmly rooted hearsay exception. Therefore, Dever's right of confrontation was not denied.

Our interpretation of White and Wright comports with the interpretation of other courts. For example, in Dana v. Dept. of Corr. (C.A. 8, 1992), 958 F.2d 237, the court found that a four-year-old child's hearsay statements to a pediatrician fell within the medical diagnosis and treatment hearsay exception. The court, citing White, concluded that, because this exception is firmly rooted, the reliability of the statements could be inferred and the admission of the statements into evidence did not violate the Confrontation Clause. Id. at 239. See, also, United States v. George (C.A. 9, 1992), 960 F.2d 97, 99 ("When hearsay testimony is properly admitted pursuant to [the medical treatment] exception, no further guarantees of trustworthiness are required."); United States v. Balfany (C.A. 8, 1992), F.2d   , 1992 WL 97006 (Confrontation Clause does not preclude admission of child's out-of court statements under firmly rooted hearsay exception for medical treatment).

We hold that Evid.R. 102 does not prevent us from finding that the Evid.R. 803(4) hearsay exception is firmly rooted in the circumstances of this case. The admission into evidence of a hearsay statement pursuant to a firmly rooted hearsay exception does not violate a defendant's right of confrontation.

Conclusion

In conclusion, we find that the hearsay statements made by Kristen to Dr. Saluke were properly admitted into evidence pursuant to Evid.R. 803(4). Additionally, we find that Kristen's statement to Dr. Saluke identifying Dever as the perpetrator of the abuse was properly admitted into evidence pursuant to Evid.R. 803(4). We further find that Dever's right of confrontation was not violated by the admission of these statements. For all the foregoing reasons, we reverse the

judgment of the court of appeals and reinstate Dever's conviction.

Judgment reversed.

Moyer, C.J., Holmes, Douglas and H. Brown, JJ., concur.

Sweeney and Wright, JJ., dissent.

FOOTNOTES:

1    Evid.R. 803 reads:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"* * *

"(4) Statements for Purposes of Medical Diagnosis or Treatment.  Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

2    The Confrontation Clause of the Sixth Amendment to the United States Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."

The Confrontation Clause of the Sixth Amendment is made applicable to the states by the Fourteenth Amendment to the United States Constitution.  Pointer v. Texas (1965), 380 U.S. 400, 406, 85 S.Ct. 1065, 1069, 13 L.Ed.2d 923, 928.

3    The court of appeals later recharacterized the determination of "incompetency" to testify as one of "unavailability" to testify, and the Supreme Court of Ohio, in Boston, accepted that conclusion.  Id., 46 Ohio St.3d at 115, 545 N.E.2d at 1228.

4    Among the many issues discussed in Boston which either are not relevant to the instant case, or will not be revisited, are:  (1) a child's competency to testify as a witness and Evid.R. 601(A); (2) unavailability of a child witness and Evid.R. 804(A)(2); (3) the admissibility of excited utterances under Evid.R. 803(2) in child abuse prosecutions; (4) the use of expert testimony in child abuse cases, Evid.R. 702, 703, 704, and 705; (5) whether a statement by a child to someone other than a medical doctor can be admissible under Evid.R. 803(4), the medical diagnosis or treatment exception; (6) the application of Evid.R. 801(D)(1)(c), allowing prior statements by a witness into evidence as non-hearsay if the declarant also testifies at trial; and (7) whether it is proper for an expert witness to give an opinion of the veracity of the child's hearsay statements.

The resolution of the last issue above was the basis for the reversal of the conviction.  The syllabus law announced in Boston reads:  "An expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant."

We recognize a need for further clarification of some of these issues.  However, we will confine our consideration to those issues pertinent to the case before us; the other issues must await another day.

5    Boston specifically called on the legislature to address the special problems presented by the hearsay statements of children in abuse cases.  Id., 46 Ohio St.3d at 115, 545 N.E.2d at 1228.  Evid.R. 807 was subsequently adopted, effective July

1, 1991.

6 Perhaps the time has come to reevaluate Ohio's Evid.R. 102 as it now exists. While federal courts and courts of most states allow evolutionary development of the law of evidence, Ohio courts are required to apply the common law to evidence rules which are almost certainly inconsistent in spirit, if not in literal wording, with many of the common-law foundations. An amendment of Evid.R. 102, to put it in step with Fed.R.Evid. 102, is an idea whose time has come. The drafters of Ohio's Evidence Rules feared dire consequences if Ohio adopted an Evid.R. 102 identical to the federal version. See Walinski & Abramoff, The Proposed Ohio Rules of Evidence: The Case Against (1978), 28 Case W.Res.L.Rev. 344, 370 (arguing that Ohio's then-proposed Evid.R. 102, to be identical to Fed.R.Evid. 102, constituted a "disturbing feature" of the evidence rules). Ohio Evid.R. 102 was altered in response to such criticism, but the perceived horrors associated with the federal counterpart have not materialized.

7 In a dissenting opinion filed in the court of appeals, the judge stated that the hearsay statements were properly admissible under Evid.R. 803(4): "* * * [I]t is entirely reasonable to infer, as the trial court could have reasonably inferred under all the circumstances, that the child had the awareness and understanding necessary to grasp that the purpose of responding to the doctor's questions was to obtain diagnosis and treatment as a result of the molestation. We should not reverse the trial court's judgment without a more affirmative demonstration that an error of law, and not merely a finding of fact which happens to vary from the majority's view of the facts, was made below."

8 We approve of Renville's analysis regarding the child's identification of the perpetrator in sexual abuse prosecutions involving young children. There are several reasons for finding that the identification of the perpetrator is relevant to diagnosis and treatment. As Dr. Saluke testified at trial in this case, questioning of the allegedly abused child is important in determining the extent of contact, if any, the possibility of continued exposure to the perpetrator, and the possibility of sexually transmitted diseases. The identity of the perpetrator is particularly relevant to those inquiries, as well as to the psychological effects on the child.

9 The issue of unavailibility of the declarant was not before the Supreme Court. The court assumed that the declarant was an unavailable witness, primarily because the trial court had found that the child was incapable of communicating with the jury, and defense counsel at trial did not disagree with that finding. Id. at   , 110 S.Ct. at 3147, 111 L.Ed.2d at 652.

10 The court noted that the questioning of the child was conducted in a suggestive manner, raising concerns about the reliability of the statement. Wright, supra, at   , 110 S.Ct. at 3152-3153, 111 L.Ed.2d at 659-660.

11 The court specifically held that corroboration of the statement by other evidence was not a part of the trustworthiness inquiry. Id. at   , 110 S.Ct. at 3148-3149, 111 L.Ed. 2d at 655. That holding means that one of the factors announced in State v. Boston for analyzing

trustworthiness of a child's hearsay statement, corroboration, is no longer valid. Id., 46 Ohio St.3d at 127, 545 N.E.2d at 1238. Because this case does not require us to consider whether "particularized guarantees of trustworthiness" are present (we find that the child's statements were admissible as an Evid.R. 803[4] exception to the hearsay rule, a firmly rooted hearsay exception), we do not resolve that problem at this time.

Wright, J., dissenting. I simply cannot join in the majority's decision to ignore this court's prior decisions and to rewrite Evid.R. 803(4). The hearsay exception for statements pertinent to medical treatment or diagnosis "* * * is based upon the belief that the declarant's subjective motive generally guarantees the statement's trustworthiness. Since the effectiveness of the treatment depends upon the accuracy of information given to the physician, the declarant is motivated to tell the truth." State v. Eastham (1988), 39 Ohio St.3d 307, 312, 530 N.E.2d 409, 413 (H. Brown, J., concurring). If a child is not capable of comprehending the doctor's role and the danger of mistreatment, his or her statements cannot be presumed to be reliable, at least under this particular hearsay exception.12 See United States v. Renville (C.A.8, 1985), 779 F.2d 430, 439; United States v. Iron Shell (C.A.8, 1980), 633 F.2d 77, 83-84; Cassidy v. Maryland (1988), 74 Md.App. 1, 29-30, 536 A.2d 666, 680. Until today, this court has, and rightfully so, refused to follow other jurisdictions that have dispensed with the requirement that a child understand that his or her statements are for the purpose of medical treatment or diagnosis. See State v. Boston (1989), 46 Ohio St.3d 108, 122, 545 N.E.2d 1220, 1234.

I fully sympathize with the pain and anguish suffered by abused children and their families, and understand the difficulties inherent to the prosecution of a terrible crime that may leave no physical evidence and whose victims are unable to competently speak for themselves. The temptation is great to liberally construe the hearsay exceptions to allow more effective prosecution of these crimes. We must remember, however, that our ruling on the scope of this hearsay exception will apply with equal force to cases in which the evidence is overwhelming and to cases in which a doctor's statements are the only evidence that supports a conviction. If one imagines an innocent man or woman accused of this heinous crime, today's ruling evokes grave concern.

The majority's decision not only allows the child to speak through the mouths of others in a situation where the child cannot be questioned, but also gives the child's words the extra authority of being spoken by a doctor. Moreover, the testimony does not possess the traditional guarantees of reliability that form the basis for this particular hearsay exception. Evid.R. 102 mandates that this court construe the Ohio Rules of Evidence in accordance with the common-law basis for those rules. It is not the province of this court to eviscerate those rules in order to make it easier for the state to prosecute certain categories of crime.

Most importantly, this decision seriously undermines Evid.R. 807, which went into effect July 1, 1991. Evid.R. 807 was promulgated in recognition of the unique evidentiary

problems raised in a child sexual-abuse case and sets forth a separate hearsay exception for the testimony of a sexually abused child.  As the majority properly recognizes, Evid.R. 807 provides a hearsay exception that is in addition to the exceptions provided in Evid.R. 803 and 804.  See Staff Note to Evid.R. 807.  The majority's liberal interpretation of Evid.R. 803(4) will actually allow prosecutors to evade the carefully considered controls of Evid.R. 807.  Under today's decision, it appears that the child's testimony to a doctor will be admissible under Evid.R. 803(4), unless the defense can show the child was unduly influenced or some other special reason why the testimony is unreliable.  Under Evid.R. 807, the doctor's testimony is not admissible unless the trial court carefully determines that the child is not able to testify, examines the totality of circumstances surrounding the statement when it was made to determine whether the statement is reliable and finds that there is independent proof of the sexual act.  I believe that Evid.R. 807 strikes the appropriate balance between the needs of the child, the rights of the defendant, and the state's interest in prosecuting this crime, and I am saddened to see the rule stripped of its effectiveness so prematurely.

I agree with the court of appeals that this case should be remanded to the trial court.  An advanced four-year-old might have the required level of understanding,13 but because the trial judge ruled that this child's awareness of the need for medical treatment was irrelevant to the admissibility of her statements, the trial record was not developed on this factual question.  Accordingly, I would affirm the well-reasoned judgment of the court of appeals.

Sweeney, J., concurs in the foregoing dissenting opinion.

FOOTNOTES:

12  The majority conveniently characterizes the motivational requirement of Evid.R. 803(4) as a strict requirement that the child be motivated to go to the doctor for treatment.  This cramped interpretation strengthens the majority's argument that this requirement is unnecessarily stringent.  While the strict foundation discussed by the majority is unnecessary, I do not believe that it is unreasonable to require that a child understand the doctor's role and why it is important to tell the doctor the truth.

13  Compare United States v. Renville (C.A.8, 1985), 779 F.2d 430, 439 (evidence showed that eleven-year-old child understood the need for treatment);  United States v. Iron Shell (C.A.8, 1980), 633 F.2d 77, 83-84 (nine-year-old child could understand the importance of the correct treatment); and Cassidy v. Maryland (1988), 74 Md.App. 1, 30, 536 A.2d 666, 680 (two year old does not have sufficient awareness to satisfy the rule).