This appeal is taken by defendant-appellant Carl Grube from a judgment of the Court of Common Pleas of Shelby County.
On April 26, 1996, Grube was indicted on one count of gross sexual imposition, violating R.C. 2907.05. The basis for the indictment was that Grube had sexual contact with a victim under the age of thirteen during 1995. The victim, Charlene, was five or six when the alleged contact occurred. Grube was tried on April 17 and April 18, 1997. The jury returned a guilty verdict on April 18, 1997. On May 30, 1997, Grube was sentenced to three years in prison and a fine of $300. The trial court then found Grube to be a sexual predator under R.C. 2950.09.
Grube raises the following assignments of error.
 The trial court erred in overruling Grube's motion in limine.
 The trial court erred in restricting Grube from presenting a defense.
 The trial court erred in its finding that Grube is a sexual predator.
Grube's first assignment of error argues that the trial court should have prevented Dr. Brown and Dr. Bowman from testifying that they believed the victim's account. The trial court has broad discretion to determine the admissibility of evidence and that discretion may not be overturned on appeal unless the trial court abuses that discretion. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269,569 N.E.2d 1056. A motion in limine is a preliminary decision as to the admissibility of evidence. Fiorini v. Whiston
(1993), 92 Ohio App.3d 419, 635 N.E.2d 1311. "In order to preserve a claim of inadmissibility for review on appeal, the objections contained in a motion in limine must, therefore be raised again at trial, permitting the trial court to make a definitive ruling on the admissibility of the objected-to evidence in its actual context." Id. at 424, 625 N.E.2d at 1313-14.
Here, Dr. Bowman testified that Charlene was sent to her by Dr. Brown to provide treatment for Charlene. Dr. Bowman also testified that she examined Charlene and formed her own opinion as to the cause of Charlene's psychological problems. Dr. Bowman found Charlene to exhibit the symptoms of sexual abuse and determined that to a reasonable degree of psychological certainty, Charlene was a sexually abused child. No objection was made as to Dr. Bowman's professional opinion as to whether Charlene was sexually abused. Grube only objected to Dr. Bowman's repeating of what Charlene told her, but the objection was overruled by the trial court as a hearsay exception. Evid.R. 803(4) provides that statements made for the purposes of medical diagnosis or treatment are admissible. State v. Dever (1992), 64 Ohio St.3d 401,596 N.E.2d 436. The record reveals that Charlene's statements to Dr. Bowman were made during the course of treatment. Therefore, the statements fall under a hearsay exception.
Dr. Brown testified that he became involved in the case when the police contacted him concerning a possible sexual abuse and asked him for an independent evaluation. Dr. Brown examined Charlene and she told him about the abuse. Dr. Brown then testified that he believed Charlene's story and Grube objected. The objection was sustained and the jury was instructed to disregard the doctor's opinion as to whether the story was valid. The jury was told that the doctor could not determine the truth of the story as that was for the jury to decide. Since the trial court properly instructed the jury on the evidence that was admissible, no error is present. Grube's first assignment of error is overruled.
The second argument asserted by Grube is that the trial court erred in restricting the witnesses that Grube could present. The day before trial, Grube submitted an amended witness list with five additional witnesses without prior notice to the State. The trial court permitted any witnesses to testify that the State had learned of through any of the discovery materials, but excluded the unknown witnesses. The reason for this was that Grube had not made timely disclosure of the witnesses.
Crim.R. 16(E)(3) provides:
 If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
Here, the submission of witness lists was to be completed in February. Grube submitted his amended witness list with five new witnesses on April 16, 1997, less than twenty-four hours before the start of trial. Because the State had no prior notice of two of the witnesses, they were excluded. The other three were permitted to testify despite the short notice to the State. Thus, not all of Grube's defense was excluded. "It is only when exclusion acts to completely deny defendant his or her constitutional right to present a defense that the sanction is impermissible." Lakewood v.Papadelis (1987), 32 Ohio St.3d 1, 5, 511 N.E.2d 1138, 1142. In addition, Grube failed to proffer the testimony of the excluded witnesses for the record. Without such evidence, the record does not support a finding that the trial court abused its discretion in excluding the witnesses. Thus, Grube's second assignment of error is overruled.
Grube's third assignment of error is that the trial court erred in finding him to be a sexual predator. The crimes for which Grube was sentenced all occurred before January 1, 1997, which is the effective date for the sexual predator statute. By finding Grube to be a sexual predator, the trial court applied the statute retroactively. This violates the Ohio Constitution prohibiting retroactive application of statutes. State v. Cook
(Aug. 7, 1997), Allen App. No. 1-97-21, unreported. Therefore, the third assignment of error is sustained.
The judgment of the Court of Common Pleas of Shelby County is affirmed in part, reversed in part, and remanded with instructions to vacate the portion of its judgment finding Grube to be a sexual predator.
Judgment affirmed in part,
reversed in part, vacated in part and remanded.
HADLEY and SHAW, JJ., concur.