OPINION
On January 7, 2000, the Licking County Grand Jury indicted appellant, Ernest L. Crozier, Sr., on three counts of rape in violation of R.C.2907.02 and two counts of gross sexual imposition in violation of R.C.2907.05. Said charges arose from incidents involving appellant's six year old niece, Elizabeth Smith. A jury trial commenced on May 15, 2000. The jury was unable to reach a verdict and a mistrial was declared. A second trial commenced on May 24, 2000. The jury found appellant guilty as charged. By judgment entry filed June 14, 2000, the trial court sentenced appellant to an aggregate term of seven years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING HEARSAY TESTIMONY TO REACH THE JURY FOR THE TRUTH OF THE MATTERS ASSERTED THEREIN.
 I
Appellant claims the trial court erred in permitting Janet McCleery to testify as to statements made to her by the child/victim during the interview process at "Kid's Place." We disagree. Specifically, appellant argues the child's statements, made to Ms. McCleery, a registered nurse who examined the child, did not qualify under Evid.R. 803(4): The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
(4) Statements for purposes of medical diagnosis or treatment
Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
Appellant also argues the trial court failed to follow the dictates of State v. Dever (1992), 64 Ohio St.3d 401, 410, in conducting a voir dire examination of Ms. McCleery to test the surrounding circumstances for trustworthiness: The trial court should consider the circumstances surrounding the making of the hearsay statement. If the trial court finds in voir dire that the child's statements were inappropriately influenced by another, then those statements would not have been made for the purpose of diagnosis or treatment. This inquiry will vary, depending on the facts of each case.
As we have noted in previous cases involving alleged "Dever" violations, the suggestion for a voir dire examination is contained in the "dicta" of the case and not the syllabus. See, State v. McCullough (May 12, 1999), Licking App. No. 98CA00129, unreported; State v. Holland (July 18, 1994), Stark App. No CA9496, unreported. Admittedly, this suggested voir dire procedure was not done in the case sub judice. Appellant made no request for a separate voir dire. T. at 180. The trial court, under Evid.R. 104(A), is the sole determinant of the admissibility of evidence: (A) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination it is not bound by the rules of evidence except those with respect to privileges.
This obligation to determine admissibility refers to statements which are sought to be admitted under Evid.R. 803(4) as in this case. The issue to be determined under Evid.R. 104(A) is the admissibility of these statements by the child/victim to Nurse McCleery. In order to review this assignment of error, we must look at the testimony of Nurse McCleery as a whole. We are required to examine the testimony to see if the trial court erred in finding that the evidence qualified as an exception to hearsay under Evid.R. 803(4). Appellant argues the child experienced no physical distress therefore the truthfulness and openness envisioned by the exception to the hearsay rule was not fulfilled. The first inquiry is whether Nurse McCleery was involved in the diagnosis and/or treatment of a medical condition and was not serving as an evidence collector or making a case for the prosecution. Nurse McCleery was employed by "The Kids Place," a facility for evaluating children who may be abused or neglected. T. at 174. It is a medical facility associated with and physically located inside Licking Memorial Hospital. T. at 175. There is a child interview room and a medical examination room. T. at 175-176. Prior to examining the child, Nurse McCleery interviewed her to obtain a history for the purpose of "medical diagnosis and treatment." T. at 180. Nurse McCleery testified the child gave her a history of "genital to genital contact" and "oral-genital contact" with appellant. T. at 180-181. The child also told Nurse McCleery of appellant "kissing her with his mouth open, and digital penetration of her private" T. at 181. Nurse McCleery conducted a complete physical examination upon the child and examined her genitalia with a colposcope. Id. Nurse McCleery testified to observing "a little healing abrasion * * * on each side" which was consistent with the history given by the child. T. at 182. Upon review, we conclude the examination was for medical diagnosis and treatment. The next inquiry is whether there is an indicia of trustworthiness associated with the child's statements. The child sub judice was seven years old when she testified. T. at 64. She testified prior to Nurse McCleery's testimony. The child testified appellant laid on top of her while she was in her nightgown. T. at 69. Appellant took off her panties, pulled up her nightgown and "put his wee-wee in my private. He put his finger back and forth and rubbed back and forth and up and down." T. at 69-70. The child testified appellant "put his finger in my butt." T. at 70. She also testified another time appellant "made me put his weiner (sic) in his mouth." T. at 71. The child stated appellant touched her privates with "[h]is tongue" and "[l]icked me." T. at 72. The child was then cross-examined which was also done prior to Nurse McCleery's testimony. Upon review, we find this meets the test for trustworthiness as set forth in Dever. We find the statements qualified under Evid.R. 803(4). We disagree with appellant's argument that the trustworthiness of the child's statements should be questioned because we do not know whether the child understood she was being questioned for purposes of medical diagnosis and treatment. It is clear from the record the child was in a hospital setting, apart from her mother, with a nurse who explained what was to happen. In addition, a physical examination was actually conducted. Furthermore, as in Kelly, the child sub judice was examined and cross-examined under oath prior to Nurse McCleery's testimony. This fact distinguishes this case from the Boston and Dever cases were there was no prior cross-examination of the victims. Clearly the right of confrontation was not violated by the trial court's technical error in not conducting a Dever voir dire. Based upon the facts presented, we find no violation of Dever nor any error by the trial court in permitting the complained of testimony as the record clearly establishes the hospital setting and the general trustworthiness found in such a setting. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J. Edwards, P.J. and Gwin, J. concur.