OPINION
{¶ 1} Appellant Douglas Lott, Sr. appeals his conviction, for two counts of rape and four counts of gross sexual imposition, from the Stark County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} The charges in this case were the result of appellant's alleged sexual abuse of three young girls. In the summer of 1998, appellant fondled Erica Knitz twice, once inside the home of Paula Molyneux, appellant's girlfriend with whom he was living, and once outside in the swimming pool. Erica informed her mother of the incidents, but her mother did not believe her. When Detective Richard Schaefer of the Canton Police Department questioned appellant about the allegations, appellant told him that he put his hands down Erica's pants only to pinch her in response to Erica hitting him on top of the head.
 {¶ 3} Paula Molyneux's daughter, Jessica, was also one of appellant's victims. Jessica is developmentally delayed and appellant repeatedly molested her. The abuse started in 1998 when appellant fondled Jessica's breasts and vaginal area. Appellant eventually made Jessica perform fellatio on him and masturbate him to ejaculation. Appellant also attempted to have sexual intercourse with Jessica.
 {¶ 4} Diana Henry, Jessica's school bus driver, noticed that appellant walked Jessica to the bus every morning. Henry became friends with Jessica and Jessica disclosed the sexual abuse to her both orally and in writing. Henry had Jessica visit her school counselor, Judith Forsythe. Jessica told her counselor about appellant's sexual abuse both orally and in writing. The appropriate authorities were notified of Jessica's allegations and she was taken to Akron Children's Hospital where she was examined and treated.
 {¶ 5} During February and March 2000, appellant babysat Leah Blackledge. At the time, appellant dated Leah's mother, Debra Blackledge. Leah complained to her mother that appellant touched her in inappropriate places. Leah's mother did not want to take sides and appellant informed her that the touching of Leah's breasts was an accident. However, appellant continued with this conduct by getting in bed with Leah and rubbing his erect penis against her body. Leah told her school counselor, Danette Gantz, about appellant's abuse. Gantz reported the abuse to the appropriate authorities. When Detective Schaefer questioned appellant about the allegations, he once again claimed that the touching of Leah's breasts was accidental.
 {¶ 6} On July 25, 2001, as a result of these allegations, the Stark County Grand Jury indicted appellant for two counts of rape and four counts of gross sexual imposition. Appellant entered a plea of not guilty at his arraignment. This matter proceeded to trial on October 22, 2001. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to an aggregate prison term of twenty years.
 {¶ 7} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT ERRED IN ADMITTING HEARSAY TESTIMONY THAT DID NOT FALL WITHIN OHIO RULE OF EVIDENCE 803(4) THEREBY DENYING APPELLANT A FAIR TRIAL.
 {¶ 9} II. THE TRIAL COURT ERRED IN FAILING TO SANCTION THE PROSECUTOR FOR VIOLATING CRIMINAL PROCEDURE RULE 16 THEREBY DENYING APPELLANT A FAIR TRIAL.
 {¶ 10} III. THE TRIAL COURT ERRED IN ADMITTING NUMEROUS HEARSAY STATEMENTS MADE BY THE ALLEGED VICTIMS THAT DO NOT FALL UNDER ANY RECOGNIZED EXCEPTIONS.
 {¶ 11} IV. THE TRIAL COURT IMPROPERLY ALLOWED A POLICE OFFICER TO GIVE OPINION TESTIMONY.
 {¶ 12} V. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE LETTERS THAT WERE INADMISSIBLE HEARSAY."
 {¶ 13} III, V {¶ 14} We will address appellant's third and fifth assignments of error first as we find them dispositive of this matter on appeal. In his third assignment of error, appellant maintains the trial court erred when it admitted statements the victims made regarding the alleged abuse to two school counselors and a bus driver. Appellant contends, in his fifth assignment of error, the trial court erred when it admitted into evidence three letters written by one of the victims, Jessica Molyneux, to a school bus driver and a school counselor. We agree with both assignments of error.
 {¶ 15} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An error in an evidentiary ruling does not warrant reversal of the trial court's judgment unless the trial court's actions were inconsistent with substantial justice and affected the substantial rights of the parties. Evid.R. 103 and Civ.R. 61. It is based upon this standard that we review appellant's third and fifth assignments of error.
 {¶ 16} In his third assignment of error, appellant challenges the testimony of two school counselors and a bus driver concerning the abuse allegedly suffered by two of the victims. Specifically, Danette Gantz, a school counselor for Leah Blackledge, testified as follows concerning Leah's statement to her about the abuse:
 {¶ 17} "Q. What was that concern that Leah had?
 {¶ 18} "A. In her words and I wrote this down that mom's friend Doug was tickling and foundling (sic) her breast. * * *
 {¶ 19} "* * *
 {¶ 20} "A. She said mom was at work. And that he had fondled her breast under her clothes and he was moaning she said and her words were that he rubbed up and down on her bootie with his penis, but that he had his pants on. She tried to say no and cover herself and she said I just prayed and prayed.
 {¶ 21} "Q. Did she tell you when that last incident occurred?
 {¶ 22} "A. She said it was a month ago.
 {¶ 23} "* * *
 {¶ 24} "Q. So she did disclose to you the perpetrator's name?
 {¶ 25} "A. She said his name was Doug. I don't know a last name." Tr. Vol. II at 293-295."
 {¶ 26} The state also called Judith Forsythe, Jessica Molyneux's school counselor, who testified about the contents of a letter Jessica gave her regarding the abuse. Forsythe testified as follows:
 {¶ 27} "Q. Was there ever a time that Jessica made a disclosure to you concerning Douglas Lott?
 {¶ 28} "* * *
 {¶ 29} "A. She in this particular letter describes times that she had contact with Douglas Lott. And one of her references, one of the notes that I have is the earliest this happened to her was about the age of 10 or 11. This was more recent. This indicates a more recent time as well." Id. at 324, 325.
 {¶ 30} Finally, under this assignment of error, appellant challenges the testimony of Diana Henry, Jessica Molyneux's bus driver. Henry testified that Jessica wrote her letters daily and in a letter date October 15, Jessica disclosed the sexual abuse to her. Id. at 306-307. The only two Rules of Evidence that may permit the introduction of the above hearsay testimony is Evid.R. 803(4) and Evid.R. 807. Evid.R. 803(4) creates an exception to the hearsay doctrine where statements are made for the purpose of medical diagnosis or treatment. This rule provides as follows:
 {¶ 31} "Evid R 803. HEARSAY EXCEPTIONS;
 {¶ 32} "AVAILABILITY OF DECLARANT IMMATERIAL
 {¶ 33} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 {¶ 34} "* * *
 {¶ 35} "(4) Statements for purposes of medical diagnosis or treatment
 {¶ 36} Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."
 {¶ 37} The above rule applies if the out-of-court statements involving sexual abuse are made by a child for purposes of medical treatment or diagnosis, provided the additional requirements set forth inState v. Boston (1989), 46 Ohio St.3d 108 and State v. Dever,64 Ohio St.3d 401, 1992-Ohio-41 are met. In Boston, Justice Douglas discussed the requirements of an Evid.R. 803(4) exception as follows:
 {¶ 38} "D) Where a child is either available or unavailable and the child declarant's out-of-court statements meet the rationale and policy of a firmly rooted exception to the hearsay rule, such as Evid.R. 803(4), and it is demonstrated that a good-faith effort has been made to produce the non-testifying declarant, the out-of-court statements are admissible through a third person. The statements, however, must have an `indicia of reliability' and factors such as the age of the child, the presence of corroborative physical evidence, the relationship of the victim to the accused, the child's relationship to the persons to whom the statements are made, and the terminology used by the child are to be used in determining reliability." Boston at 127.
 {¶ 39} In the Dever case, the Ohio Supreme Court softened theBoston approach to Evid.R. 803(4) and suggested that the trial court in voir dire determine if the child's statements were inappropriately influenced by another. The Court explained:
 {¶ 40} "This inquiry will vary, depending on the facts of each case. For example, the trial court may consider whether the child's statement was in response to a suggestive or leading question (as was the case in Idaho v. Wright), and any other factor which would affect the reliability of the statements (such as the bitter custody battle in State v. Boston). If no such factors exist, then the evidence should be admitted. The credibility of the statements would then be for the jury to evaluate in its role as factfinder. In addition, the witness whose testimony brings in the child's hearsay statement can be cross-examined about the circumstances surrounding the making of the statement. But if the trial court discerns the existence of sufficient factors indicating that the child's statements were not made for the purpose of diagnosis or treatment, the statements must be excluded as not falling within Evid.R. 803(4).
 {¶ 41} "* * *
 {¶ 42} "`While in cases involving adults a cognitive connection between speaking the truth to physicians and receiving proper medical care may seem obvious, further analysis of the circumstances surrounding the examination of a child is necessary to determine whether the child understood the need to be truthful to the physician.' People v. Meeboer, supra, 439 Mich. At 322-323, 484 N.W.2d at 626. We agree with this reasoning, but stress that our holding in this case requiring this specific examination of the circumstances applies only to Evid.R. 803(4) and only to declarants of tender years." Dever at 410-411, 412.
 {¶ 43} In the case sub judice, the statements made to the two school counselors and the bus driver were not statements made for purposes of medical diagnosis or treatment as required by Evid.R. 803(4). Therefore, this testimony was not admissible pursuant to this rule.
 {¶ 44} Evid.R. 807 addresses out-of-court statements of a child in a sexual abuse case. This rule provides:
 {¶ 45} "Evid R 807. HEARSAY EXCEPTIONS; CHILD STATEMENTS IN ABUSE CASES
 {¶ 46} "(A) An out-of-court statement made by a child who is under twelve years of age at the time of trial or hearing describing any sexual act performed by, with, or on the child or describing any act of physical violence directed against the child is not excluded as hearsay under Evid.R. 802 if all of the following apply:
 {¶ 47} "(1) This court finds that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness that make the statement at least as reliable as statements admitted pursuant to Evid.R. 803 and 804. * * *
 {¶ 48} "(2) The child's testimony is not reasonably obtainable by the proponent of the statement. [Evid.R. 807(B) creates two different set of criteria to determine the child's unavailability and Evid.R. 807(C) requires the court to make specific findings of fact based upon such criteria.]
 {¶ 49} "(3) There is independent proof of the sexual act or act of physical violence.
 {¶ 50} "(4) At least ten days before the trial or hearing, a proponent of the statement has notified all other parties in writing of the content of the statement, the time and place at which the statement was made, the identity of the witness who is to testify about the statement, and the circumstances surrounding the statement that are claimed to indicate its trustworthiness."
 {¶ 51} The above rule creates a category of non-hearsay when compliance with its strict criteria demonstrate particularized guarantees of trustworthiness. The requirements of Evid.R. 807 are much stricter than those imposed by Evid.R. 803(4) and may apply to statements made by the child which are not made for the purpose of medical diagnosis or treatment.
 {¶ 52} Based upon our review of the record, we also conclude the testimony of the two counselors and bus driver would not be admissible under Evid.R. 807. The first requirement of Evid.R. 807(A) is that the statement be made by a child who is under twelve years of age at the time of trial. At the time of trial, Erika Kintz was sixteen years old, Leah Blackledge was thirteen years old and Jessica Molyneux was fifteen years old. Tr. Vol. II at 197, 251, 353. Having failed to meet the age requirement of Evid.R. 807, the testimony in question is not admissible under Evid.R. 807. Further, this testimony is also not admissible under Evid.R. 807 because the victims' testimony was obtainable and the victims did appear at trial and testify.
 {¶ 53} Accordingly, we conclude the trial court abused its discretion when it permitted the two school counselors and the bus driver to testify about various statements the alleged victims made to them. The admission of this testimony is not harmless error as it affects appellant's substantial rights.
 {¶ 54} Further, appellant's fifth assignment of error challenges three letters Jessica Molyneux wrote to her school bus driver and her school counselor. Jessica gave two letters to her school counselor and one letter to her bus driver. These letters contain allegations of abuse and mention appellant as the perpetrator. At trial, these witnesses testified about the contents of the letters in question.
 {¶ 55} For the reasons stated above, we also conclude the trial court abused its discretion when it admitted these letters into evidence as they are not admissible under either Evid.R. 803(4) or Evid.R. 807. Further, the admission of this evidence is not harmless error as it affects appellant's substantial rights. As such, appellant's fifth assignment of error is sustained. We will not address appellant's first, second or fourth assignments of error as they are moot based upon our disposition of appellant's third and fifth assignments of error. For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, J., Gwin, P.J., and Edwards, J., concur.
Topic: admission hearsay statements in child sexual abuse case.