{¶ 62} In appellant's first assignment of error, he argues that the trial court abused its discretion in allowing the state to introduce inadmissible hearsay testimony concerning alleged sexual abuse. Although the lead opinion agrees with appellant that the trial court should not have permitted the state to present this testimony, it ultimately concludes that its admission was harmless error. While I agree with that conclusion, I write separately to express the following concerns.
 {¶ 63} Evid.R. 803(4) provides that statements made for the purpose of medical diagnosis or treatment are excluded from the general rule precluding the introduction of hearsay evidence. When determining whether a child's statement to a medical professional in a sexual abuse situation qualifies under Evid.R. 803(4), the trial court is obligated to consider the circumstances surrounding the statement. State v. Dever,64 Ohio St.3d 401, 410, 1992-Ohio-41. As the Supreme Court of Ohio noted in Dever, "[t]his inquiry will vary, depending on the facts of each case." Id. The court should look at the nature of the questions, the manner in which the examination is conducted, "and any other factor which would affect the reliability of the statements[.]" Id.
 {¶ 64} The reason for such scrutiny is obvious. Every time the victim's allegation of sexual abuse is repeated during a trial, whether hearsay or not, the jury is led to believe that other witnesses are corroborating the child's claim. Because of this, one cannot simply ignore the impact of this hearsay as being merely cumulative of the other evidence. In other words, when the inadmissible hearsay concerns minor facts, its admission may be harmless; however, when the hearsay goes to the very substance of the allegations, its detrimental effect cannot be similarly dismissed.
 {¶ 65} In the case currently before us, the corroborators appeared in the guise of child abuse experts. They were admittedly part of a prosecutorial team, not a medical staff, with the admitted purpose to assist in the investigation and conviction of child molesters. Nevertheless, to the jury, their testimony could not appear as anything other than expert support and corroboration for the victim's account.
 {¶ 66} This court has always understood that if a social worker testifies about statements given by a victim the testimony is subject to a strict review with respect to its relationship to subsequent medical diagnosis and treatment. In State v Demetris, 11th Dist. No. 2001-T-0025, 2002-Ohio-3711, at ¶ 64, this court held, under almost identical circumstances, that if the defendant's attorney had objected at trial, the trial court would have abused its discretion when it admitted hearsay evidence of sexual abuse through the testimony of a social worker. The fact that a doctor was watching the social worker's interview with the child through closed circuit television, as was the case here, was irrelevant because there was no evidence that the child was aware of a medical purpose for the interview. Id. at ¶ 63.
 {¶ 67} Similarly, in In re Corry M. (1999), 134 Ohio App.3d 274,283, we held that the trial court properly excluded the hearsay testimony of a social worker because the state failed to provide evidence of the circumstances surrounding her interview with the child. In reaching this conclusion, the court not only focused on the absence of any evidence concerning the child's motivation for participating in the interview with the social worker, and the fact that no one informed the child of the interview's purpose, but also on the social worker's acknowledgement that she conducted the interview in order to investigate allegations of abuse. Accordingly, there was no evidence to establish that the purpose of the interview was to provide medical or psychological care.
 {¶ 68} In the instant matter, the purpose of the state's experts was admittedly investigatory and not medical. As a result, the trial court did not need to look to the other circumstances surrounding the victim's evaluation because the people examining the victim never intended to render a medical diagnosis or provide treatment of any kind.[3] Surely we have not reached the point where a ruse can be perpetrated on a child as a way of avoiding the guidance of the rules of evidence in an effort to obtain a conviction. Thus, even if there had been testimony that the child victim thought this was a medical procedure, the avowed non-medical purpose of the interview should disqualify any statement as an exception to the hearsay rule pursuant to Evid.R. 803(4).
 {¶ 69} Nevertheless, as the lead opinion correctly observes, a review of the record reveals that there was abundant competent, credible evidence to support the jury's verdict. For example, the victim specifically testified how appellant abused her, there was physical evidence of abuse, there was testimony that appellant had admitted to acting in a sexually inappropriate manner with the victim, and there was an actual medical report naming appellant as the perpetrator. As a result, the admission of the hearsay testimony was harmless error.
 {¶ 70} Notwithstanding this other evidence, it must be emphasized that if the victim had not testified during appellant's trial, the result would have been different. The purpose of the Confrontation Clause of theSixth Amendment to the United States Constitution is to give a criminal defendant the opportunity to face his accusers. State v. Chappell
(1994), 97 Ohio App.3d 515, 535, quoting California v. Green (1970),399 U.S. 149. Accordingly, if a competent victim testifies at trial, the defendant has the opportunity to question her about the accuracy of any out-of-court statement. This not only negates the danger of faulty reproduction, but it also assures the defendant of the opportunity to fully and effectively cross-examine his accuser. Chappell at 535.
 {¶ 71} It cannot be emphasized enough that the state plays a dangerous game in pursuing these cases in the manner presented here. Obviously, cases involving the sexual abuse of a child are never easy. However, the rules of evidence exist for a good reason; not to protect the guilty, but to protect the innocent. For these reasons, I respectfully concur in judgment only.
[3] I agree with the lead opinion that there may be situations where the purpose of an evaluation may be both for providing treatment and for conducting an investigation into allegations of abuse. When that is true, Evid.R. 803(4) may be applicable, depending on the other circumstances surrounding the evaluation. Nevertheless, there is no evidence in this case that the evaluation was in any way connected to a medical purpose.