{¶ 35} I fully concur with the majority's disposition of all assignments of error; however, I write separately concerning the seventh assignment of error to emphasize that the State's introduction of opinion testimony on the veracity of the child victims/witnesses, although harmless in this case, was in contravention of Evid. R. 608 and 405.
 {¶ 36} Evid. R. 608 governs character evidence and provides, in pertinent part:
 (A) Opinion and reputation evidence of character *Page 28 
 The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
 (B) Specific instances of conduct
 Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid. R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
 {¶ 37} Additionally, Evid. R. 405 describes permissible methods of proving character, providing that:
 (A) Reputation or Opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
 {¶ 38} Further, in State v. Boston (1989), 46 Ohio St.3d 108, modified on other grounds by State v. Dever (1992), 64 Ohio St.3d 401, the Supreme Court of Ohio held that "[a]n expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant." Id. at syllabus. The reasoning *Page 29 
behind this holding is the well-settled principle that "`it is the fact-finder, and not the so-called expert or lay witnesses, who bears the burden of assessing the credibility and veracity of witnesses.'"State v. King, 3d Dist. No. 9-06-18, 2007-Ohio-335, ¶ 46, quotingBoston, 46 Ohio St.3d at 128; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus (credibility of witnesses is a matter primarily reserved for the trier of fact).
 {¶ 39} Although, as the majority acknowledges, several appellate districts have found that Boston does not apply where the child victim testifies and is subject to cross-examination, I wish to emphasize that, even though such opinion testimony is often harmless error, it is still improper under Boston. Additionally, aside from Boston, I believe that an expert or lay witness' opinion testimony about whether another witness was being truthful on a particular occasion violates Evid. R. 608 and 405 as stated in Justice Brown's concurrence in State v.Eastham (1988), 39 Ohio St.3d 307, 311-312:
 The state also argues that the defense attacked the child's "character for truthfulness" and therefore [the expert witness's] opinion of the child's veracity was admissible under Evid. R. 608(A). The record, however, indicates that the defense did not attack the child's credibility.
 Even if the defendant had attacked the child's character for truthfulness, [the expert witness's] opinion as to her veracity about this specific situation would not be admissible since it was not an opinion concerning the child's general character for truthfulness. He stated that she told the truth when she made certain allegations. *Page 30 
 {¶ 40} As in Eastham, in the case before us the defense repeatedly questioned the veracity of the child victims/witnesses, suggesting that they had reputations for untruthful character. Therefore, under 608(A), the State was permitted to present evidence of the truthful character of the witnesses in order to support their credibility. However, Evid. R. 608(A) explicitly limits this evidence to reputation or character for truthfulness or untruthfulness. The victims' father's testimony about whether he thought the victims were lying on this particular occasion did not constitute evidence of the victims' reputations or character for truthfulness, but instead was the father's opinion of their truthfulness on a specific occasion. This type of testimony is specifically prohibited by Evid. R. 608(B), unless clearly probative of truthfulness and untruthfulness and inquired into on cross-examination. Here, the testimony was elicited on direct examination. Nevertheless, although this testimony violated Evid. R. 608 and 405 and the Supreme Court's holding in Boston, I concur with the majority's conclusion that the error was harmless in this case. *Page 1