DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Robert Darren Major, appeals from the judgment of the Summit County Court of Common Pleas which convicted him of four counts of rape and two counts of gross sexual imposition and sentenced him accordingly. We affirm.
 {¶ 2} On March 3, 2003, the Summit County Grand Jury indicted Defendant on four counts of rape, in violation of R.C.2907.02(A)(1)(b), and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Prior to trial, the minor victim in the case recanted his statements related to the alleged acts of Defendant. Accordingly, the State offered into evidence statements made by the four year old child to various individuals instead of the testimony of the child himself. Defendant objected to the admission of multiple hearsay statements made by the minor victim to a licensed social worker, Cathy Beckwith-Laube ("Beckwith-Laube"). The court admitted those statements under Evid.R. 803(4). The jury found Defendant guilty on all counts. The trial court sentenced Defendant to life in prison on each of the four rape counts, and three years in prison for each of the two gross sexual imposition counts. Defendant timely appealed, raising one assignment of error.
 ASSIGNMENT OF ERROR
"The trial court erred by admitting hearsay statements under Evid.R. 807 and Evid.R. 803(4)."
 {¶ 3} In his only assignment of error, Defendant argues that the trial court erred by admitting certain hearsay statements into evidence. Specifically, Defendant asserts that the statements do not fall under the Evid.R. 803(4) medical treatment and diagnosis exception to hearsay because (1) the minor victim did not understand the he was making the statements for purposes of medical diagnosis or treatment, (2) the minor victim had no medical reason necessitating his statements, which calls into question their reliability, and (3) Beckwith-Laube was acting in an investigative capacity, and not for the purpose of medical diagnosis or treatment. Defendant also alleges that, even if the statements fall under the Evid.R. 803(4) exception, the statements still should have been excluded under Evid.R. 807 regarding child statements in abuse cases because the reliability requirements under that rule must always be satisfied before admitting the hearsay statements of a child in such a case. We find Defendant's assertions meritless.
 {¶ 4} Questions regarding the admissibility of evidence are determinations left to the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. An appellate court should not interfere with the determination of the trial court absent an abuse of discretion.State v. Hymore (1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122. When applying this abuse of discretion standard, an appellate court may not substitute its own judgment for that of the trial court. Id.
 {¶ 5} Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is generally not admissible unless an exception, such as those found in Evid.R. 803(4) and Evid.R. 807, applies. Evid.R. 802. The parties in this case do not dispute that the statements made by the minor victim to Beckwith-Laube would qualify as hearsay absent application of one of the exceptions.
 A. Evid.R. 803(4) {¶ 6} Under Evid.R. 803(4), even where a declarant is available to testify, a hearsay statement by that declarant is admissible if the statement was:
"made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."
 {¶ 7} Statements made by a child identifying the perpetrator in the course of medical treatment or diagnosis are admissible under Evid.R. 803(4) as long as the statements are made for the purposes of medical diagnosis or treatment. State v. Dever,64 Ohio St.3d 401, paragraph two of the syllabus, 1992-Ohio-41. If the statements appear to have been "inappropriately influenced by another, then those statements would not have been made for the purpose of diagnosis or treatment." Id. at 410. The trial court should review the statements to discover whether they were in response to leading questions or if any other extraneous factors would taint the reliability of those statements. Id. Absent such factors, the statements should be admitted. Id. Evid.R. 803(4) encompasses not only diagnosis and treatment related to physical injuries, but also diagnosis and treatment for psychological injuries. State v. Grooms (Aug. 19, 1998), 9th Dist. No. 18558, at 5.
 {¶ 8} Defendant in this case objected to the admission of certain statements made by the minor victim to Beckwith-Laube during a pre-medical examination screening. Prior to her recitation of the minor child's statements at trial, Beckwith-Laube testified that she explained her role to the child because he had not understood why she was talking to him. The child thought that he was having an examination because he had a cold and his stomach hurt. "[Beckwith-Laube] told him that [she] talked to kids, * * * big kids and little kids, boys and girls, and that [they] talk[ed] about things that had happened." Beckwith-Laube also "made [the child] aware that he would be having a checkup afterwards[.]"
 {¶ 9} Beckwith-Laube then proceeded to use anatomical drawings so that the child could point out the various parts of his body that currently hurt, or that had been hurt in the past. She asked the child to
"start from his head to his toes, to identify the different body parts and explained [that she did this because] * * * kids have lots of different names for different body parts, and [she] wanted to make sure that the information [she] was going to give to the nurse was the correct body part."
 {¶ 10} Following this preliminary testimony, Beckwith-Laube related to the jury statements made to her by the minor child related to sexual acts Defendant performed with the child. Beckwith-Laube denied using leading questions to elicit statements from the child, but admitted re-asking several questions in different ways if the child did not know the answer to her original question.
 {¶ 11} The entire interview between Beckwith-Laube and the child was televised via closed circuit television to a room where police, an assistant prosecutor, and a representative from both victim's assistance and children's services watched. Following her interview with the child, Beckwith-Laube asked those individuals watching the interview on the closed television circuit whether they had any further questions they wished to ask the child. The record does not reflect that anyone suggested additional questions.
 {¶ 12} Beckwith-Laube interviewed the child prior to a medical examination meant to discover if physical evidence of sexual abuse existed at that time. She corrected the child when his responses implied he thought he was only being examined due to his cold and stomach ache. Beckwith-Laube asked the child questions in order to determine which parts of his body may have been affected by Defendant's acts. She did not use leading questions, and merely rephrased those questions which the child could not answer. While it is difficult to tell from the testimony whether the child was motivated to tell the truth due to his understanding that the information elicited was necessary for medical diagnosis or treatment, the Ohio Supreme Court has instructed that courts should not apply an "overly strict motivational requirement for the statements of young children" under Evid.R. 803(4). Dever, 64 Ohio St.3d at 409-410. Accordingly, we find that the trial court did not abuse its discretion in holding the statements admissible as pertinent to medical treatment or diagnosis under Evid.R. 803(4).
 {¶ 13} We find that the trial court did not err in admitting hearsay statements of the minor child under Evid.R. 803(4).
 B. Evid.R 807 {¶ 14} Even if the hearsay statements made by the minor child are admissible under Evid.R. 803(4), Defendant asserts that Evid.R. 807 supercedes that admissibility. Defendant alleges that any hearsay statement made by a minor victim of child abuse must qualify for admissibility under Evid.R. 807 regardless of the application of another hearsay exception to those statements. We disagree.
 {¶ 15} Evid.R. 807 permits an exception to the hearsay rules in cases related to out of court statements made by a child under twelve years of age describing any sexual act or act of violence upon that child. The proponent of the statement must show four things in order to admit statements under this rule: indicia of reliability, that the child's testimony is not reasonably obtainable, independent proof of the alleged sexual act or act of violence, and prior notice by the proponent of at least ten days. Evid.R. 807(A)(1)-(4). The court must hold a hearing in order to make the required determinations under Evid.R. 807. Evid.R. 807(C).
 {¶ 16} The Ohio Supreme Court has recognized that Evid.R. 807 was "designed specifically with Confrontation Clause requirements in mind." Dever, 64 Ohio St.3d at 414. In contrast, "Evid.R. 803(4) goes solely to whether a statement was made for purposes of diagnosis or treatment. If a statement is made for purposes of medical diagnosis or treatment, it is admissible pursuant to Evid.R. 803(4)." (Emphasis omitted.) Id. The court noted that the Staff Note to Evid.R. 807 explicitly indicated that the rule recognizes an exception which is "`in addition to the exceptions enumerated in Evid.R. 803 and 804.'" See id., quoting Staff Note to Evid.R. 807. The Supreme Court of Ohio therefore found that hearsay statements by a minor victim in a child abuse case need not conform to the requirements of Evid.R. 807 as long as those statements comply with the Evid.R. 803(4) exception to hearsay. See Dever, 64 Ohio St.3d 401, at paragraph two of the syllabus; see, also, In re Swisher (Apr. 23, 1997), 9th Dist. No. 17952, at 9. Defendant's assertions are, therefore, meritless.
 {¶ 17} We overrule Defendant's assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
CARR, P.J., WHITMORE, J., CONCURS