[Cite as *In re T.L.*, 2011-Ohio-4709.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE T.L.

C.A. No.    09CA0018-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2008 08 DQ 0625

DECISION AND JOURNAL ENTRY

Dated: September 19, 2011

CARR, Presiding Judge.

{¶1}    This cause is before this Court pursuant to remand by the Supreme Court of Ohio. The Supreme Court has vacated this Court's judgment in *In re T.L.*, 9th Dist. No. 09CA0018-M, 2010-Ohio-402, with respect to the first and second assignments of error, and has remanded the case to this Court for further proceedings consistent with *State v. Arnold*, 126 Ohio St.3d 290, 2010-Ohio-2742.  This Court affirms.

I.

{¶2}    A complaint was filed on August 4, 2008, charging T.L. (d.o.b. 6/25/92) with one count of rape of a child under thirteen years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree if committed by an adult.  The alleged victim, A.R., was five years old at the time of the incident.  T.L. denied the charge.

{¶3}    On August 26, 2008, the State moved the juvenile court to conduct a hearing to determine whether the minor victim was competent to testify at T.L.'s adjudicatory hearing.

After a voir dire examination of the victim, the juvenile court determined that A.R. was not competent to testify as a witness. On September 4, 2008, defense counsel moved for a competency evaluation of T.L. to determine the juvenile's competency to stand trial and participate in his own defense. After reviewing the appointed psychologist's evaluation report and offering the parties the opportunity to supplement the report with other documents or witnesses, the juvenile court found T.L. competent to stand trial and participate in his own defense. The matter was scheduled for an adjudicatory hearing.

{¶4} On November 28, 2008, the juvenile filed a motion in limine to exclude all hearsay statements by the victim. The State responded in opposition. On January 15, 2009, the juvenile court ordered that the child victim's statements were not admissible pursuant to Evid.R. 803(2) or 807. The trial court ordered that the victim's statements may, however, be admissible pursuant to other exceptions to the hearsay rule.

{¶5} On December 3, 2008, the State moved to amend the complaint to add a second count. The juvenile court granted the motion to amend the complaint to include one count of gross sexual imposition against a child under thirteen years old in violation of R.C. 2907.05(A)(4), a felony of the third degree if committed by an adult.

{¶6} The matter proceeded to adjudication. The juvenile court found T.L. delinquent by reason of rape and gross sexual imposition. At disposition, the juvenile court ordered that T.L. be committed to DYS for a minimum of one year, up to the age of twenty-one, on the charge of rape; and for a minimum of six months, up to the age of twenty-one, on the charge of gross sexual imposition, with the commitments to run concurrently.

{¶7} T.L. filed a timely appeal with this Court. We affirmed the juvenile's adjudication in part, but vacated it inasmuch as the juvenile court erroneously imposed a

disposition on allied offenses of similar import. On remand, the State elected to have the juvenile court proceed to disposition solely on the charge of rape. The juvenile court imposed a disposition, ordering that T.L. be committed to the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to exceed the juvenile's attainment of the age of twenty-one.

{¶8} In the meantime, T.L. had appealed to the Ohio Supreme Court. The high court vacated this Court's judgment with respect to the first and second assignments of error regarding Confrontation Clause issues and remanded for further proceedings consistent with *State v. Arnold*. The Supreme Court left intact our disposition of the juvenile's third and fourth assignments of error.

{¶9} T.L. has timely rebriefed his first two assignments of error for review upon remand.

II.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT VIOLATED T.L.'S CONSTITUTIONAL RIGHT TO CONFRONT WITNESSES WHEN IT ADMITTED OUT-OF-COURT STATEMENTS MADE BY A CHILD TO INTERVIEWERS WHO WERE EMPLOYED BY A CHILD ADVOCACY CENTER AND WORKING WITH LAW ENFORCEMENT."

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADMITTED A CHILD'S OUT-OF-COURT STATEMENT PURSUANT TO EVID.R. 803(4) BECAUSE THE STATEMENTS WERE NOT MADE FOR PURPOSES OF MEDICAL DIAGNOSIS OR TREATMENT."

{¶10} The juvenile argues that the trial court erred by admitting statements made by the child to Jill Mearing, an intake social worker for Medina County Jobs and Family Services ("JFS"). This Court disagrees.

{¶11} The Sixth Amendment to the United States Constitution accords a criminal defendant the right to be confronted with the witnesses against him. The United States Supreme Court has held that the admission of testimonial hearsay statements violates an accused's rights under the Sixth Amendment Confrontation Clause. *Crawford v. Washington* (2004), 541 U.S. 36, 68-69 (holding that "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation."). The *Crawford* court, however, declined to enunciate a comprehensive definition of "testimonial," stating only that "it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Id. at 68.

{¶12} The Ohio Supreme Court in *Arnold* recently addressed the admissibility of statements made by child-victims during interviews at child advocacy centers. The high court held:

> "Statements made to interviewers at child-advocacy centers that serve primarily a forensic or investigative purpose are testimonial and are inadmissible pursuant to the Confrontation Clause when the declarant is unavailable for cross-examination.

> "Statements made to interviewers at child-advocacy centers that are made for medical diagnosis and treatment are nontestimonial and are admissible without offending the Confrontation Clause." *Arnold* at paragraphs one and two of the syllabus.

{¶13} The *Arnold* court recognized the dual role of child advocacy centers ("CAC"), specifically, to gather forensic information for purposes of criminal prosecution and to gather information for purposes of facilitating medical diagnosis and treatment of the victim. Id. at ¶33. The CAC interviewer acts as the agent of various types of professionals and agencies to implement an interdisciplinary response to allegations of child abuse. Id. at ¶29. Therefore, the Supreme Court adopted the "primary purpose" test to determine whether statements elicited by

the interviewer were made for purposes related to medical diagnosis or treatment, in which case they are nontestimonial and do not implicate Confrontation Clause rights, or whether the statements were made for investigative purposes in furtherance of criminal prosecution, in which case they are testimonial and violative of the Confrontation Clause. Id. at ¶28.

{¶14} The juvenile argues that the primary purpose of the CAC social worker's (Jill Mearing) elicitation of statements from the victim, A.R., was forensic and investigatory. With only two exceptions, however, the victim's statements, as testified to by Ms. Mearing, were relevant to medical diagnosis or treatment.

{¶15} This Court has recognized repeatedly that "statements made to social workers for the purpose of facilitating medical treatment are admissible under the medical exception to hearsay" even where the child has not been determined competent to testify. *In re I.W.*, 9th Dist. Nos. 07CA0056 and 07CA0057, 2008-Ohio-2492, at ¶9 and 17; see, also, *In re A.R.*, 9th Dist. No. 22836, 2006-Ohio-1548; *State v. Major*, 9th Dist. No. 21662, 2004-Ohio-1423. The *Arnold* court has not delimited the qualifications of CAC interviewers to recognize only persons possessing medical training and excluding as incompetent persons merely trained in social work. Accordingly, we continue to recognize that a victim's statements to a social worker during a CAC interview may qualify as statements made for purposes of medical diagnosis or treatment. Moreover, we continue to recognize mental health issues within the purview of medical concerns.

{¶16} Ms. Mearing testified that, although she had not been an intake social worker very long, she received 100 hours of training in her first year as a social worker, and that she is required to participate in 36 hours of training per year afterwards. She testified that she has also participated in forensic interview training called Beyond the Silence, a specialized training

regarding how to interview victims to obtain the details of the abuse. She testified that she has worked on approximately 40 suspected sexual assault cases as a JFS intake social worker. Ms. Mearing explained the CAC interview protocol and testified that it was followed in this case. She testified that the purpose of her interview with any child victim is "to see if she needs any medical or psychological treatment or if she needs to be protected." Specifically, Ms. Mearing testified that she interviewed A.R. for the purpose of determining whether she needed any medical or psychological treatment or if she otherwise needed to be protected. She then testified as to a limited number of statements made by the victim.

{¶17} Ms. Mearing testified, for context, that she had A.R. identify body parts on a body map and that she discussed the concepts of inside and outside with the child, using an ear as a frame of reference. Ms. Mearing testified that A.R. then disclosed to her that T.L. touched her "pee-pee with his fingers," under her underwear, and inside her "pee-pee." Based on A.R.'s disclosure of sexual abuse, Ms. Mearing testified that she referred the child for a medical examination and counseling at Cornerstone Psychological Services. This Court concludes that these statements were made for purposes of medical diagnosis and treatment. Accordingly, these particular statements were nontestimonial and did not implicate the Confrontation Clause.

{¶18} Ms. Mearing testified as to two statements made by A.R. which primarily served a forensic or investigative purpose. Those included statements that A.R. and T.L. were playing hide-and-seek and that T.L. told her sit on his parents' bed immediately prior to the abuse. As neither statement was necessary for medical diagnosis or treatment, they related primarily to the investigation by the police. Accordingly, those statements were testimonial in nature. Because the juvenile had no prior opportunity to cross-examine A.R. regarding those statements, their

admission violated the Confrontation Clause. See *Arnold* at ¶36, citing *Crawford*, 541 U.S. at 68.

{¶19} Because A.R.'s statements to Ms. Mearing regarding the game of hide-and-seek and the bed should have been excluded, this Court must determine whether or not their admission constituted harmless error. See *Arnold* at ¶42. "A constitutional error can be held harmless if we determine that it was harmless beyond a reasonable doubt." *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, at ¶78. In making that determination, this Court must determine "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Id., citing *Chapman v. California* (1967), 386 U.S. 18, 23.

{¶20} T.L.'s mother testified that, after her son and A.R. had been allowed to play unsupervised in T.L.'s room, A.R. exited the room crying and upset. T.L.'s mother admitted that she did not always trust her son around younger children. The detective assigned to the case testified that the police received a report that T.L. pulled down his pants to "show his butt and his wiener, and then also placed his finger in [A.R.'s] wiener." Ms. Mearing testified that the victim identified T.L. as the person who touched her "inside" her "pee-pee with his fingers." A.R.'s mother testified that her daughter would only discuss the incident with her while in the perceived safety of a neighbor's closet. The victim's mother testified that A.R. told her that T.L. showed her his "wiener." The nurse practitioner who performed the medical examination on the child testified that it is not unusual for a child to disclose the specifics of sexual abuse over an extended period of time. She testified that the absence of any evidence of penetration, bruising, scarring, or lesions was consistent with the reported history that the child had been "fondled." Finally, the victim's therapist at Cornerstone Psychological Services testified that A.R. told her that T.L. touched her "pee-pee" and "it hurt."

**{¶21}** This Court recognizes that a vaginal rape conviction does not require penetration within the vaginal canal itself; rather, any touching on the inside of the vulva or labia constitutes the necessary penetration. See *State v. Melendez*, 9th Dist. No. 08CA009477, 2009-Ohio-4425, at ¶14. The Ohio Supreme Court has not vacated our prior decision in this case in regard to our conclusion that T.L.'s adjudication as a delinquent child by reason of rape was supported by sufficient evidence and was not against the manifest weight of the evidence. *In re T.L.* at ¶34 and 41. The erroneously admitted statements that T.L. and A.R. were playing hide-and-seek and that the juvenile told A.R. to sit on a bed do not serve to prove any of the elements of rape. Neither statement reasonably contributed to T.L.'s adjudication. Accordingly, the admission of the two testimonial statements constituted harmless error.

**{¶22}** Based on the above analysis, this Court concludes that most of the victim's statements made during the CAC interview, as testified to by Ms. Mearing, were made for the purpose of medical diagnosis or treatment. Those statements were nontestimonial and, therefore, did not implicate the Confrontation Clause. Two of the victim's statements (regarding hide-and-seek and T.L.'s directing her to the bed) were elicited by Ms. Mearing within her capacity as an agent for the police and were, therefore, testimonial. The trial court admitted those statements in violation of the Confrontation Clause. Their admission, however, was harmless beyond a reasonable doubt. T.L.'s first and second assignments of error are overruled.

III.

**{¶23}** T.L.'s first and second assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

ELIZABETH R. MILLER, Assistant State Public Defender, for Appellant.

KEVIN J. BAXTER, Special Prosecutor, and MARY ANN BARYLSKI, Special Assistant Prosecutor, for Appellee.