I agree with the majority's disposition and analysis of appellant's sole assignment of error. I write separately only to state I am not yet persuaded it is necessary or proper to admonish appellee to avoid use of an Evid.R. 807 hearing in this circumstance.[3]
Evid. R 803(4) permits the introduction of evidence which may be inadmissable under Evid.R. 807. Evid.R. 803(4) does not require the unavailability of the witness whereas Evid.R. 807 contemplates the child's testimony is not reasonably obtainable. Evid.R. 803(4) would permit hearsay testimony where statements are made for the purpose of medical diagnosis or treatment. As such, Evid.R. 803(4) creates an exception to the hearsay doctrine. This is in contrast to Evid.R. 807, which creates a category of non-hearsay when compliance with its strict criteria demonstrate particularized guarantees of trustworthiness.
Evid.R. 807 addresses out-of court statements of a child in a sexual abuse case. The rule provides such statements are not hearsay if all of the following apply:
 1) the court finds the totality of the circumstances surrounding the making of the statement provide particularized guarantees of trustworthiness which would make the statement at least as reliable as the exception to the hearsay rule contained in Evid.R. 803 and 804;
 2) The proponent of the statement cannot reasonably obtain the child's testimony. (Evid.R. 807(B) creates two different set of criteria to determine the child's unavailability and Evid.R. 807(C) requires the court to make specific findings of fact based upon such criteria.);
 3) There is independent proof of the sexual act, or act of violence;
 4) After notice by the proponent, a hearing is conducted at least ten days before trial.
These guidelines are much stricter than those imposed by Evid.R. 803(4) and may apply to statements made by the child which are not made for the purpose of medical diagnosis or treatment. However, Evid.R. 803(4) applies if the out-of-court statements involving sexual abuse are made by a child for purposes of medical treatment or diagnosis, provided the additional requirements set forth in State v. Boston (1989),46 Ohio St.3d 108 and State v. Dever (1992), 64 Ohio St.3d 401 are met, as they were in the case sub judice.
[3] It appears appellee anticipated the child would testify and, as noted by the majority, the child was found competent to testify by the trial court. Accordingly, appellee would not have been able to utilize Evid.R. 807 because the record does not affirmatively demonstrate the child's testimony was not reasonably obtainable.