DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Anthony Dartt, appeals his conviction for domestic violence in the Lucas County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} Appellant was indicted on September 21, 2006, for domestic violence, a felony of the fourth degree and a violation of R.C.2919.25(A) and (D)(3). The indictment alleged that appellant had caused physical harm to his wife's five-year-old son. A jury trial commenced on January 24, 2007. *Page 2 
 {¶ 3} Vicki Dartt testified that she is appellant's wife. In August 2006, the parties lived together with Vicki's five-year-old son. On August 31, 2006, Vicki said good-bye to her son and left the house to attend a class. Appellant stayed with her son. Vicki arrived home at approximately 10:00 p.m. Her son was already asleep. Vicki testified that before she went to bed, she briefly opened her son's bedroom door to check on him. Assured that he was covered up, she closed the door. She did not view him up close. At approximately 5:30 a.m. the next morning, appellant left for work and Vickie remained in bed.
 {¶ 4} At 9:30 a.m., Vicki's neighbor and her son's frequent babysitter, Michele Bryant, knocked on the door. Vicki's son went into his mother's room to wake her up so she could answer the door. Vicki and her son went downstairs and let Bryant inside. The three of them were sitting on the couch when Vickie's son said "look what daddy did to me." Vicki testified that her son showed them a bruise on his face and a broken blood vessel in his eye. He also had a black eye and a mark that appeared to be a hand print on his face.
 {¶ 5} Dr. Rhonda Hercher testified that she is a medical doctor who works in the emergency room at the University of Toledo Medical Center. On September 1, 2006, she treated Vicki's son for multiple bruises and the injury to his eye. Dr. Rhonda Hercher testified that when she asked the boy what happened, he responded "Dad hit me last night." *Page 3 
 {¶ 6} On January 21, 2007, the jury found appellant guilty as charged. He was sentenced to 17 months in prison. Appellant now appeals setting forth the following assignment of error:
 {¶ 7} "A. The Trial Court Erred In Admitting Statements By The Minor Child To The Emergency Room Physician As The Child [sic] Statements Were Not Necessary For The Purposes Of A Medical Diagnosis."
 {¶ 8} Appellant contends that the court erred in admitting the testimony of Dr. Hercher wherein she recounts the boy's identification of appellant as his abuser.
 {¶ 9} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). The admission or exclusion of evidence rests in the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, 180.
 {¶ 10} Dr. Hercher's testimony was admitted pursuant Evid.R. 803(4), an exception to the hearsay rule which allows: "[statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." In State v.Dever (1992), 64 Ohio St.3d 401, at paragraph two of the syllabus, the Ohio Supreme Court held: "[statements made by a child during a medical examination identifying the perpetrator of sexual abuse, if made for purpose of diagnosis and treatment, are admissible pursuant *Page 4 
to Evid.R. 803(4), when such statements are made for the purposes enumerated in that rule."
 {¶ 11} Appellant, while recognizing Evid.R. 803(4), argues that the statement identifying appellant was unnecessary for purposes of diagnosis or treatment. In support, he cites Dr. Hercher's testimony, in camera, in which she agreed that she could have successfully treated the boy's injuries without knowing the identity of the perpetrator. We disagree with appellant's reasoning. We have no doubt that Dr. Hercher, a qualified, experienced medical doctor could treat the boy's bruising without ever exchanging a word with him. Common sense, however, dictates that when a doctor can determine the cause of one's injuries from the mouth of the injured one, this is preferable as it facilitates and expedites a patient's diagnosis and recovery. Dr. Hercher's purpose in asking the boy "what happened" was for medical diagnosis and treatment. Thus, her testimony regarding the boy's answer was properly admitted pursuant to Evid.R. 803(4). Finding that the trial court did not abuse its discretion, appellant's sole assignment of error is found not well-taken.
 {¶ 12} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Singer, J., Skow, J. and Osowik, J. concur. *Page 1