[Cite as *State v. C.W.*, 2016-Ohio-1558.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 26893 |
| | : | |
| v. | : | Trial Court Case No. JC2015-3550 |
| | : | |
| C.W. | : | (Appeal from Common Pleas Court- |
| | : | Juvenile Division) |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

DEANNA DOGGETT JOHNSON, Atty. Reg. No. 0063528, 90 North West Street, Bellbrook, Ohio 45305
      Attorney for Defendant-Appellee

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** In this case, Plaintiff-Appellant, the State of Ohio, appeals from a juvenile court judgment denying the State's motion to admit a minor's out-of-court statement pursuant to Evid.R. 807. The State contends that the trial court abused its discretion in denying the motion because the State presented sufficient evidence to allow admission of the minor's statement.

**{¶ 2}** We conclude that the State failed to provide a prima facie showing of independent proof of the act of physical violence. The trial court, therefore, did not err in denying the State's request to admit hearsay evidence under Evid.R. 807. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 3}** In June 2015, the State filed a complaint in juvenile court alleging that Defendant-Appellee, C.W., knowingly caused or attempted to cause harm to L.G. in violation of R.C. 2903.13(A). The crime alleged was a misdemeanor of the first degree.

**{¶ 4}** The incident occurred at a day care center where C.W. had been employed for three years. The alleged victim, L.G., was three years old at the time, and was assigned to C.W.'s classroom. On April 21, 2015, when L.G.'s mother asked him how day care had gone that day, L.G. stated that day care had been fine, but that C.W. had slapped him. An investigation ensued, and the State subsequently filed its complaint for Assault against C.W. in juvenile court.

**{¶ 5}** In August 2015, the trial court held a competency hearing, and concluded that L.G. was incompetent to testify. The State then filed a motion to declare the alleged

victim unavailable, and indicated that it intended to proceed under Evid.R. 807.

{¶ 6} On October 20, 2015, the trial court held a hearing, at which testimony was taken from the child's mother, B.W., and from C.S., the administrator of the day care. In addition, the court viewed a video that had been taken of the classroom at the time of the alleged incident. After admitting the video into evidence, the trial court denied the State's motion. Specifically, the court held that the State had failed to meet two of six requirements for allowing the minor's out-of-court statement: (1) demonstration of physical violence; and (2) independent proof of the act of violence. The State then filed a notice of appeal and a Crim.R. 12(K) certification, indicating that the appeal was not being taken for purposes of delay, and that suppression of the State's evidence had rendered the State's proof so weak that any reasonable possibility of effective prosecution had been destroyed.

## II. Alleged Abuse of Discretion

{¶ 7} The State's sole assignment of error is as follows:

The Trial Court Abused Its Discretion When the Court Denied the State's Motion to Admit L.G.'s Out-of-Court Statement at Trial Under Evid. R. 807.

{¶ 8} Under this assignment of error, the State contends that the trial court erred in denying its motion because the State submitted sufficient evidence to meet all the requirements of Evid.R. 807. Pursuant to Evid.R. 807(A), out-of-court statements made by minors under 12 years of age at the time of trial, describing acts of "physical violence" against the minor, can be admitted if the following requirements are met:

(1) The court finds that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness that make the statement at least as reliable as statements admitted pursuant to Evid.R. 803 and 804. The circumstances must establish that the child was particularly likely to be telling the truth when the statement was made and that the test of cross-examination would add little to the reliability of the statement.  In making its determination of the reliability of the statement, the court shall consider all of the circumstances surrounding the making of the statement, including but not limited to spontaneity, the internal consistency of the statement, the mental state of the child, the child's motive or lack of motive to fabricate, the child's use of terminology unexpected of a child of similar age, the means by which the statement was elicited, and the lapse of time between the act and the statement. In making this determination, the court shall not consider whether there is independent proof of the sexual act or act of physical violence.

(2) The child's testimony is not reasonably obtainable by the proponent of the statement.

(3) There is independent proof of the sexual act or act of physical violence.

(4) At least ten days before the trial or hearing, a proponent of the statement has notified all other parties in writing of the content of the statement, the time and place at which the statement was made, the identity

of the witness who is to testify about the statement, and the circumstances surrounding the statement that are claimed to indicate its trustworthiness.

{¶ 9} "[W]hen a court finds that a child is not competent to be a witness, her testimony is 'not reasonably obtainable' pursuant to Evid.R. 807(B)(2)." (Citations omitted.) *State v. Cardosi*, 122 Ohio App.3d 70, 75, 701 N.E.2d 44 (2d Dist.1997).

{¶ 10} In the case before us, L.G.'s unavailability due to the incompetency finding was not disputed. However, the trial court held that all the requirements of Evid.R. 807 had not been established, because the State failed to provide sufficient evidence of two factors: physical violence and independent corroborating evidence.

{¶ 11} The State contends that a slap sufficiently establishes physical violence for purposes of Evid.R. 807. In addition, the State argues that the video presented independent proof that C.W. slapped L.G. around the head. We review the trial court's decision for abuse of discretion. *In re A.K.*, 2d Dist. Montgomery No. 26199, 2015-Ohio-30, ¶ 16, citing *State v. Dever*, 64 Ohio St.3d 401, 414, 596 N.E.2d 436 (1992). (Other citations omitted.) An abuse of discretion means that the trial court's "attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 12} The Staff Notes to Evid.R. 807 indicate that its independent proof requirement "is comparable to the independent proof requirement of the co-conspirator exception, Evid.R. 801(D)(2)(e)," and that "[t]he rule thus goes beyond the minimum Confrontation Clause requirements prescribed in * * * [*Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990)], as is permitted by *Wright*."

{¶ 13} Under Evid.R. 801(D)(2)(e), a co-conspirator's statement is not admissible

"until the proponent of the statement has made a prima facie showing of the existence of the conspiracy by independent proof." *State v. Carter*, 72 Ohio St.3d 545, 546, 651 N.E.2d 965 (1995), paragraph three of the syllabus. In *Carter*, the court held that the defendant's tape-recorded statement would have furnished sufficient independent proof of a conspiracy to permit a hearsay statement to be admitted under this exception. *Id.* at 550.

{¶ 14} A similar approach has been followed in situations involving Evid.R. 807. For example, independent proof has been found where a defendant confessed to corroborating facts. *State v. Silverman*, 121 Ohio St.3d 581, 2009-Ohio-1576, 906 N.E.2d 427, ¶ 29; *State v. Cain*, 12th Dist. Brown No. CA2010-06-012, 2011-Ohio-3759, ¶ 44. In sexual abuse cases, we have also held that independent proof of a child's out-of-court statements about sexual abuse can be found in "the onset of sexually inappropriate and suggestive behavior [by the child] * * *." *A.K.*, 2d Dist. Montgomery No. 26199, 2015-Ohio-30, at ¶ 29.

{¶ 15} In the case before us, the State offered a video of C.W.'s classroom on the day in question as "independent proof" for admission of the hearsay. We have reviewed the video several times. The video is of very poor quality, and there is no sound. It is nearly impossible to even see the alleged victim, who was apparently on a cot at the lower left-hand corner of the screen. The short video shows C.W. putting a cot down on the floor in the upper part of the screen, placing a blanket over a child on another cot in the same area, and then walking over to the area where L.G.'s cot was located. All that can be seen at that point is C.W. bending quickly over the cot, and then straightening up to obtain a bucket filled with some kind of liquid. After getting the bucket, C.W. proceeded

to clean off one of the tables in the classroom.

{¶ 16} When C.W. bent over, any view of the alleged victim was completely obscured, and, as we said, the video was of very poor quality. After C.W. walked away to clean the table, very little can be seen of the alleged victim's movements, due to the lack of quality of the video. There was also no testimony at the hearing that L.G.'s mother or anyone else observed any type of redness, scratch, or evidence of injury following the alleged incident. As a result, there was simply insufficient corroborating evidence to permit admission of the child's out-of-court statement. In rejecting the State's request, the trial court specifically commented on the fact that evidence of the alleged abuse could not be seen on the video. Transcript of Proceedings, p. 53. The court's decision in this regard was reasonable and was not an abuse of discretion.

{¶ 17} Because the State failed to prove an essential factor under Evid.R. 807, we need not consider the trial court's additional conclusion that a "slap" is not physical abuse, other than to note that we have held in the past that "[a] slap or other physical contact that results in temporary redness is sufficient to establish 'physical harm' under the domestic-violence statute." *State v. Walters*, 2d Dist. Montgomery No. 22977, 2010-Ohio-304, ¶ 11, citing *State v. Kellum*, 12th Dist. Butler No. CA2009-03-081, 2009-Ohio-6743, ¶ 15-16. We have also said that "a pain-inducing blow is sufficient to satisfy the 'physical harm' element of Assault." *State v. Hill*, 2d Dist. Montgomery No. 20678, 2005-Ohio-3701, ¶ 34. We stressed in *Hill* that we were "not prepared to hold that any discomfort, however trivial, will satisfy the 'physical harm' element of Assault * * *." *Id.*

{¶ 18} There is simply no independent proof in this case that meets the standards established under Evid.R. 807.

{¶ 19} Based on the preceding discussion, the State's sole assignment of error is overruled.

III.   Conclusion

{¶ 20} The State's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, P.J. and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps
DeAnna Doggett Johnson
Hon. Anthony Capizzi